IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____ )
)
UNITED STATES OF AMERICA, et al.,      )
)
Plaintiffs          )
)
v.                       )   Civil Action No. 1:13-cv-01236 (CKK)
)
US AIRWAYS GROUP, INC.,              )
111 W. Rio Salado Parkway              )
Tempe, AZ 85281                        )
)
and                                    )
)
AMR CORPORATION,                      )
4333 Amon Carter Boulevard            )
Fort Worth, TX 76155                   )
)
Defendants.          )
_____)

## MOTION TO SET TRIAL DATE

Defendants US Airways Group, Inc. and AMR Corporation respectfully move the Court to set the trial date in the above-captioned matter for November 12, 2013, or as soon thereafter as the Court's calendar permits.  Defendants' trial estimate is ten court days.

Pursuant to LCvR 7(m), counsel have met and conferred regarding the trial date and have submitted a Notice of Joint Request for Trial Scheduling Conference asking the Court to hold a trial-setting conference at the earliest date available on the Court's calendar, preferably in person, so as to avoid further delay in the resolution of this matter.  The parties have agreed to file their competing proposals for a trial scheduling order, and the arguments in support thereof, no later than 5:00 PM two court days before the date on which the conference is set to occur.

Defendants seek to set the trial date for November 12, 2013, based on this Motion, the accompanying Memorandum in Support of the Motion, the Joint Request for Trial Scheduling Conference, such additional authority and argument as may be presented in any Reply and at the hearing for this Motion (if such a hearing is held), and such other matters of which this Court may take judicial notice.

Dated: August 22, 2013

Respectfully submitted,

/s/ Richard G. Parker
Richard G. Parker (DC Bar #327544)
Henry Thumann (DC Bar #474499)
Courtney Dyer (DC Bar #490805)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
(202) 383-5300 (Phone)
(202) 383-5414 (Facsimile)
rparker@omm.com
hthumann@omm.com
cdyer@omm.com

Kenneth R. O'Rourke (Pro Hac Vice application pending)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
(213) 430-6000 (Phone)
(213) 430-6407 (Facsimile)
korourke@omm.com

Paul T. Denis (DC Bar #437040)
Steven G. Bradbury (DC Bar #416430)
DECHERT LLP
1900 K Street, N.W.
Washington, DC 20006
(202) 261-3300 (Phone)
(202) 261-3333 (Facsimile)
paul.denis@dechert.com
steven.bradbury@dechert.com

Charles F. Rule (DC Bar #370818)
CADWALADER, WICKERSHAM
& TAFT LLP
700 Sixth Street, N.W.
Washington, DC 20001
(202) 862-2200 (Phone)
(202) 862-2400 (Facsimile)
rick.rule@cwt.com

*Attorneys for Defendant*
*US Airways Group, Inc.*

/s/ John M. Majoras
John M. Majoras (DC Bar #474267)
Michael S. Fried (DC Bar #458357)
Rosanna K. McCalips (DC Bar #482859)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
(202) 879-3939 (Phone)
(202) 626-1700 (Facsimile)
jmmajoras@jonesday.com
msfried@jonesday.com
rkmccalips@jonesday.com

Mary Jean Moltenbrey (DC Bar #481127)
PAUL HASTINGS LLP
875 15th Street, NW
Washington, DC 20005
(202) 551-1725 (Phone)
(202) 551- 0225 (Facsimile)
mjmoltenbrey@paulhastings.com

***Attorneys for Defendant***
***AMR Corporation***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

|                                                    |     |                           |
| -------------------------------------------------- | --- | ------------------------- |
| UNITED STATES OF AMERICA, et al.,                  | )   |                           |
|                                                    | )   |                           |
| Plaintiffs,                                        | )   |                           |
|                                                    | )   |                           |
| v.                                                 | )   | Case No. 1:13-cv-01236 (CKK) |
|                                                    | )   |                           |
| US AIRWAYS GROUP, INC.,                            | )   |                           |
| 111 W. Rio Salado Parkway                          | )   |                           |
| Tempe, AZ 85281                                    | )   |                           |
|                                                    | )   |                           |
| and                                                | )   |                           |
|                                                    | )   |                           |
| AMR CORPORATION,                                   | )   |                           |
| 4333 Amon Carter Boulevard                         | )   |                           |
| Fort Worth, TX 76155                               | )   |                           |
|                                                    | )   |                           |
| Defendants.                                        | )   |                           |

---

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO SET TRIAL DATE

The trial schedule proposed by defendants US Airways Group, Inc. ("US Airways") and AMR Corporation ("AMR" or "American") (together, the "Airlines") would afford the government a full 90 days following its complaint to prepare for trial. The government, by contrast, proposes a 180-day schedule that is far longer than any of its other merger trials in this century. Courts routinely try merger challenges promptly in recognition of the steep costs and burdens to the merging parties associated with uncertainties over their futures in dynamic and competitive markets, as is the case here.

The Airlines have worked intensively to fashion a merger that would ensure a competitive route network with increased capacity that can successfully attract millions of additional passengers in today's challenging airline industry and provide vastly better choices for

air travelers while lowering costs.  The Airlines conservatively project that they will deliver annual direct net customer benefits of over $500 million by attracting over 2.6 million additional passengers per year.

The parties' urgency to complete their transaction is far greater here than in ordinary merger cases.  American's ongoing bankruptcy proceedings compound the costs and uncertainties associated with the delays caused by the government's lawsuit, including approximately $500,000 in bankruptcy-related professional fees alone every day that the bankruptcy continues.  Both Airlines face additional burdens until this uncertainty is resolved, including uncertainties in winning customers and retaining people when no one knows for sure what the future holds; the loss of the very significant consumer benefits and synergies that this merger would produce, which can never be recouped; and the serious and needless uncertainty over the future business structure and business plans of both Airlines that will continue until the bankruptcy process is concluded.

The government cannot justify its unprecedentedly slow trial schedule.  There are no unusual burdens that Department of Justice ("DOJ") will face in preparing for trial.  The DOJ has already had over 16 months to investigate (including production by the carriers of hundreds of thousands of documents), it has filed a 56-page complaint with detailed allegations about the evidence, and it stated at a press conference that, "We don't file lawsuits unless we're prepared vigorously to defend them, and that's what we're doing right now."[1]

The Airlines are prepared to defend this case promptly and to prove the procompetitive benefits the merger will bring about, including those that will be lost permanently by further

---

[1] David Ingram, "In Airline Suit, U.S. Antitrust Enforcers Try to Build on Wins," Reuters, Aug. 13, 2013, available at http://www.reuters.com/article/2013/08/13/amr-usairways-lawsuit-outlook-idUSL2N0GE1BH20130813 (quoting Assistant Attorney General Bill Baer).

delay.  This merger is the foundation of American's plan to exit bankruptcy and is the cornerstone of American's and US Airways' plan to form a more competitive and cost-effective airline to take on the country's largest air carriers—Delta, United Airlines, and Southwest—and a number of fast-growing low-cost carriers, including Virgin America, JetBlue, Spirit, and Allegiant.

On this basis, the Airlines move for an Order setting a 10-day trial on the merits beginning Tuesday, November 12, 2013, or as soon thereafter as the Court's calendar permits.[2] Plaintiffs (led by the DOJ) seek to delay trial until February 10, 2014, at the earliest.

This motion should be granted for the reasons described in further detail below—including the schedules on which merger challenges are typically tried, the lack of any prejudice to Plaintiffs, the equitable considerations imposed by the American bankruptcy, and the interests of the public and the Airlines.  The amount of time requested by the Airlines is demonstrably reasonable and necessary in these circumstances.  The delay requested by Plaintiffs, on the other hand, will cause serious harm and cannot be justified.

### 1. *The proposed schedule is significantly more generous than most other schedules in recent government merger trials.*

The Airlines' proposed schedule of 90 days to trial is ***longer*** than the vast majority of merger trials involving the DOJ or Federal Trade Commission since the turn of the century. Plaintiffs' proposed schedule of 180 days to trial is, literally, off the chart:

---

[2] The Airlines can be prepared for trial in October 2013, but have proposed the November 12, 2013, trial date to try to accommodate Plaintiffs' request for additional time to prepare, per the parties' Local Civil Rule 7(m) discussions.

## TABLE 1
### ACTUAL TIME TO TRIAL IN DOJ AND FTC MERGER CASES (2000 - PRESENT)

| CASE NAME | FILING OF COMPLAINT | TRIAL (FIRST DAY) | DAYS TO TRIAL | NO. OF TRIAL DAYS | OPINION / ORDER |
|---|---|---|---|---|---|
| Sungard Data Sys. (DOJ) | Oct. 22, 2001 | Nov. 8, 2001 | 17 | 2 days | Nov. 14, 2001 |
| Foster (FTC) | Apr. 12, 2007 | May 7, 2007 | 25 | 5 days | May 29, 2007 |
| ProMedica Health (FTC) | Jan. 7, 2011 | Feb. 10, 2011 | 34 | 2 days | Mar, 29, 2011 |
| Libbey (FTC) | Jan. 14, 2002 | Feb. 25, 2002 | 42 | 1 day | Apr. 22, 2002 |
| CCC Holdings (FTC) | Nov. 26, 2008 | Jan. 8, 2009 | 43 | 7 days | Mar. 18, 2009 |
| H.J. Heinz (FTC) | Jul. 14, 2000 | Aug. 30, 2000 | 47 | 6 days | Oct. 18, 200 |
| Phoebe Putney (FTC) | Apr. 20, 2011 | Jun. 13, 2011 | 54 | 1 day | Jun. 27, 2011 |
| UPM-Kymmene Oyj (DOJ) | Apr. 15, 2003 | Jun. 9, 2003 | 55 | 10 days | Jul. 25, 2003 |
| Whole Foods (FTC) | Jun. 6, 2007 | Jul. 31, 2007 | 55 | 2 days | Aug. 16, 2007 |
| Franklin Electric (DOJ) | May 31, 2000 | Aug. 1, 2000 | 62 | 5 days | Aug. 30, 2000 |
| Lab. Corp. (FTC) | Dec. 1, 2010 | Feb. 3, 2011 | 64 | 1 day | Mar. 11, 2011 |
| Swedish Match (FTC) | June 23, 2000 | Sept. 5, 2000 | 74 | 4 days | Dec. 14, 2000 |
| OSF Healthcare (FTC) | Nov. 18, 2011 | Feb. 1, 2012 | 75 | 3 days | Apr. 5, 2012 |
| Arch Coal (FTC) | Apr. 1, 2004 | Jun. 21, 2004 | 81 | 10 days | Aug. 16, 2004 |
| US Airways / AMR Proposed Schedule | Aug. 13, 2013 | Nov. 12, 2013 | 91 | 10 days | |
| Oracle (DOJ) | Feb. 26, 2004 | Jun. 7, 2004 | 102 | 18 days | Sep. 9, 2004 |
| H & R Block (DOJ) | May 23, 2011 | Sept. 6, 2011 | 106 | 9 days | Oct. 31, 2011 |

Table 1 shows the time to trial for all government merger challenges since 2000 that

actually went to trial.[3]  Some of these trials were preliminary injunction hearings, including one

---

[3] The cases cited in the chart are: *United States v. SunGard Data Sys., Inc.*, 172 F. Supp. 2d 172, 179-80 (D.D.C. 2001); *FTC v. Foster*, No. CIV 07-352 JBACT, 2007 WL 1793441 (D.N.M. May 29, 2007); *FTC v. ProMedica Health Sys., Inc.*, No. 3:11 CV 47, 2011 WL 1219281 (N.D. Ohio Mar. 29, 2011); *FTC v. Libbey, Inc.*, 211 F. Supp. 2d 34 (D.D.C. 2002); *FTC v. H. J. Heinz Co*, 116 F. Supp. 2d 190 (D.D.C. 2000), *rev'd*, 246 F.3d 708 (D.C. Cir. 2001); *FTC v. CCC Holdings, Inc.*, 605 F. Supp. 2d 26 (D.D.C. 2009); *FTC v. Phoebe Putney Health Sys. Inc.*, 793 F. Supp. 2d 1356 (M.D. Ga. 2011), *aff'd*, 663 F.3d 1369 (11th Cir. 2011), *rev'd*, 133 S. Ct. 1003 (2013); *United States v. UPM-Kymmene Oyj*, No. 03 C 2528, 2003 WL 21781902 (N.D. Ill. July 25, 2003); *FTC v. Whole Foods Mkt., Inc.*, 502 F. Supp. 2d 1 (D.D.C. 2007), *rev'd*, 533 F.3d 869 (D.C. Cir. 2008); *United States v. Franklin Elec. Co.*, 130 F. Supp. 2d 1025 (W.D. Wis. 2000); *FTC v. Lab. Corp. of Am.*, No. SACV 10-1873 AG (MLGx), 2011 WL 3100372 (C.D. Cal. Mar. 11, 2011); *FTC v. Swedish Match*, 131 F.Supp. 2d 151 (D.D.C. 2000); FTC *v. OSF*

4

of the five DOJ trials.  But the comparison is apropos because each of the cases involved only one trial and the Airlines propose just one trial here.  Moreover, four of the five DOJ cases were permanent injunction hearings.  Notably, one trial listed above involved a permanent injunction hearing related to the acquisition of a company in bankruptcy.  The DOJ tried that case, *SunGard Data Systems*, within 17 days from the time the complaint was filed after a 3-month investigation.  Here, it has asked for about ten times that amount of time to prepare for trial in a matter they have been investigating for five times as long.

### 2.  *The proposed trial date does not prejudice Plaintiffs' ability to prepare for trial.*

Plaintiffs' claim that they need six months to prepare for this case is hollow.  They have been investigating the merger for over 16 months already.  Indeed, Plaintiffs have already investigated this proposed transaction for over twice as long as is typical.[4]

US Airways first submitted documents to the DOJ relating to a potential combination with American in May 2012, *more than 9 months* before the public announcement of the merger. The parties filed their Hart-Scott-Rodino ("HSR") merger notifications in January 2013, and, by May 7, 2013, the Airlines had submitted millions of additional pages of documents, data, and analyses to Plaintiffs, and answered voluminous interrogatories.  In addition, seven witnesses were produced for depositions, numerous expert economic analyses were submitted, and multiple meetings were held with Plaintiffs' staffs to answer questions and concerns and to provide further information responsive to their requests.

---

*Healthcare Sys.*, 852 F. Supp. 2d 1069 (N.D. Ill. 2012); *FTC v. Arch Coal, Inc.*, 329 F. Supp. 2d 109 (D.D.C. 2004); *United States v. Oracle*, 331 F. Supp. 2d 1098 (N.D. Cal. 2004); *United States v. H&R Block, Inc.*, 833 F. Supp. 2d 36, 44 (D.D.C. 2011).

[4] In 2012, all Department of Justice and Federal Trade Commission merger investigations that resulted in a consent order or litigated challenge required on average only 7 months from the announcement of the transaction to the filing of the complaint or consent order.

In fact, some of Plaintiffs' allegations, and even some of the documents from years ago cited in the complaint, stem from an investigation of US Airways' proposed trade of take-off and landing slots with Delta Air Lines at Reagan National and LaGuardia Airports. From 2009 to 2011, US Airways responded to multiple demands for documents and information as part of that investigation, made two HSR filings, responded to two requests for additional information, and submitted a witness for a deposition by the DOJ in 2009. Since 2009, US Airways has provided to DOJ millions of pages of documents and other data. Of course, the DOJ has investigated and cleared three prior airline mergers in the last five years, so the general industry context, data sources, and typical analyses are hardly new to it.

When the entire record of the DOJ's review of the issues raised in the complaint is considered, Plaintiffs have an enormous head start on trial preparation relative to the norm for the government in antitrust merger trials. The Airlines propose a two-month discovery period for both sides to ready themselves for trial. Plaintiffs' attempt to delay commencement of trial beyond November 12, 2013, would seriously harm both the public and private interests at stake in this matter.

> ### 3.  *The circumstances of this case, including American's bankruptcy, present an unusually strong need for prompt resolution.*

In addition to the ordinary difficulties and uncertainties inherent in the delay attendant to a merger challenge, the Airlines face unusual and pronounced burdens while they await their day in court. Transformative mergers like this inevitably carry additional uncertainty, which is why such cases get tried particularly quickly.

This is especially true here because American remains in bankruptcy, and the proposed merger presents the only extant plan of reorganization. The government's action has created enormous uncertainty for the employees and customers of both Airlines. The bankruptcy court

has deferred decision on the final confirmation of the plan of reorganization and has called for briefing from American and its creditors by August 23, 2013, on the impact this case has on plan confirmation. American cannot fully implement the plan following confirmation until this case is resolved.

The Airlines' merger agreement includes a termination clause that gives each party the right to terminate the agreement as of December 13, 2013, in the event all necessary regulatory hurdles have not been cleared. *See* US Airways 8-K/A, Feb. 14, 2013, Agreement and Plan of Merger § 6.2. The fact that the merging parties will have the right to terminate the transaction at any time after that date if there has been no decision from this Court will necessarily introduce even greater uncertainty for the Airlines' employees and customers if Plaintiffs' alternative proposal for a later trial date is accepted.

All the major American and US Airways stakeholders, including lenders, bondholders, pilots, flight attendants, machinists, and other employees, have poured many months of work into the bankruptcy and merger process and ultimately came together to give their unanimous support to the plan of reorganization. These constituencies have all firmly embraced the New American and are awaiting final resolution of this case so that the plan of reorganization can be implemented. The prospective employees of New American also await final resolution because, for many, their jobs are in a holding pattern and their new compensation and benefits, worth collectively an additional $400 million annually, and which have already been negotiated and are contingent upon the merger, are being delayed. So too is American employees' receipt of an equity stake that was worth approximately $2 billion before the DOJ suit was filed.

Without a prompt resolution in this Court, the increasing uncertainty will inevitably mean the loss of valued employees. Until this lawsuit was filed, many American and US Airways'

employees were on the cusp of new roles, new assignments, and new locations with a new and improved airline.  Simultaneously, other key employees who had announced their departures prepared for new jobs elsewhere.  This lawsuit has changed that and is having considerable negative effect on employee energy and morale, two important and perishable assets.

The Airlines are eager to demonstrate that this merger is procompetitive and are confident they can do so.  Even if Plaintiffs could somehow prevail, however, that outcome, if known sooner to all affected stakeholders (employees and many others), is much less harmful than that same outcome many months later.  Thus, the full weight of all these equitable considerations comes down decidedly on the side of the earliest feasible trial date.

### 4. *The public interest strongly favors the Airlines' proposed schedule.*

Those with the greatest interest in prompt resolution of this case include the millions of passengers who rely on these airlines and will benefit directly from the increased service levels and network enhancements made possible by the merger, and the tens of thousands of employees who serve both companies and have strongly embraced the promises offered by the New American.  Thus, the public interest will be well served by the Airlines' proposed trial schedule.

### CONCLUSION

In short, the schedule proposed by the Airlines will accommodate the pretrial preparation needs of all sides, enable a fair trial of the issues presented, and permit this Court to render a decision on the merits that will provide a definitive resolution in a timeframe that is most consistent with the public interest and the strong equitable interests discussed above.  The Airlines respectfully request that the Court enter the accompanying Proposed Scheduling Order and set this case for trial on Tuesday, November 12, 2013, or as soon thereafter as the Court's calendar permits.

Dated: August 22, 2013                Respectfully submitted,

/s/ Richard G. Parker
Richard G. Parker (DC Bar #327544)
Henry Thumann (DC Bar #474499)
Courtney Dyer (DC Bar #490805)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
(202) 383-5300 (Phone)
(202) 383-5414 (Facsimile)
rparker@omm.com
hthumann@omm.com
cdyer@omm.com

Kenneth R. O'Rourke (Pro Hac Vice application pending)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
(213) 430-6000 (Phone)
(213) 430-6407 (Facsimile)
korourke@omm.com

Paul T. Denis (DC Bar #437040)
Steven G. Bradbury (DC Bar #416430)
DECHERT LLP
1900 K Street, N.W.
Washington, DC 20006
(202) 261-3300 (Phone)
(202) 261-3333 (Facsimile)
paul.denis@dechert.com
steven.bradbury@dechert.com

Charles F. Rule (DC Bar #370818)
CADWALADER, WICKERSHAM
& TAFT LLP
700 Sixth Street, N.W.
Washington, DC 20001
(202) 862-2200 (Phone)
(202) 862-2400 (Facsimile)
rick.rule@cwt.com

*Attorneys for Defendant*
*US Airways Group, Inc.*

9

/s/ John M. Majoras
John M. Majoras (DC Bar #474267)
Michael S. Fried (DC Bar #458357)
Rosanna K. McCalips (DC Bar #482859)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
(202) 879-3939 (Phone)
(202) 626-1700 (Facsimile)
jmmajoras@jonesday.com
msfried@jonesday.com
rkmccalips@jonesday.com

Mary Jean Moltenbrey (DC Bar #481127)
PAUL HASTINGS LLP
875 15th Street, NW
Washington, DC 20005
(202) 551-1725 (Phone)
(202) 551- 0225 (Facsimile)
mjmoltenbrey@paulhastings.com

***Attorneys for Defendant***
***AMR Corporation***

## CERTIFICATE OF SERVICE

   I hereby certify that on this 22nd day of August, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the counsel of record in this matter who are registered on the CM/ECF system, and that I caused a copy of the foregoing and the notice of electronic filing to be served by email and first class mail to the following non-ECF participants:

Nancy M. Bonnell
Antitrust Unit Chief
Office of the Attorney General
1275 West Washington
Phoenix, AZ 85007
(602) 542-7728 (phone)
(602) 542-9088 (facsimile)
Nancy.bonnell@azag.gov

James A. Donahue, III
Executive Deputy Attorney General
Public Protection Division
Office of the Attorney General
14th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 787-4530 (phone)
(717) 787-1190 (facsimile)
jdonahue@attorneygeneral.gov

Victor J. Domen, Jr.
Senior Antitrust Counsel
Office of the Attorney General
500 Charlotte Avenue
Nashville, TN 37202
(615) 532-3327 (phone)
(615) 532-6951 (facsimile)
Vic.Domen@ag.tn.gov

Mark Levy
Assistant Attorney General
Office of the Attorney General
300 W. 15th Street, 7th Floor
Austin, TX 78701
(512) 936-1847 (phone)
(512) 320-0975 (facsimile)
Mark.Levy@texasattorneygeneral.gov

Sarah Oxenham Allen
Assistant Attorney General
Consumer Protection Section
Office of the Attorney General
900 East Main Street
Richmond, VA 23219
(804) 786-6557 (phone)
(804) 786-0122 (facsimile)
SOAllen@oag.state.va.us

Dated:  August 22, 2013

       _/s/ Courtney Dyer_
      Courtney Dyer