IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al*. | |
| *Plaintiffs*, | |
| v. | Civil Action No. 1:13-cv-01236-CKK |
| US AIRWAYS GROUP, INC. | |
| and | |
| AMR CORPORATION, | |
| *Defendants*. | |

## JOINT REPORT AS REQUIRED BY LOCAL CIVIL RULE 16.3

The parties have met-and-conferred pursuant to Local Civil Rule 16.3 and Fed. R. Civ. P. 26(f) and submit the following report:

### I.  Introduction

The parties remain at an impasse regarding the date for a trial on the merits.  That issue has now been fully briefed to the Court.

The parties have reached agreement on several matters relating to case management and discovery that are not affected by the schedule.  These Agreements are memorialized in Section II of this Joint Report.  The issues where the parties disagree are summarized in Section III.

The parties have also met-and-conferred with regard to the terms of a Case Management Order ("CMO").  The parties have reached agreement on most issues and are continuing to meet-and-confer to resolve the issues still outstanding.  The parties believe that once the Court sets a trial date and resolves the other disputes identified below, that they can quickly submit a jointly proposed CMO to the Court for review and approval.

1

**II.  Agreements on Topics Discussed Pursuant to Local Civil Rule 16.3(c)**

The parties have met-and-conferred and report agreement on the following topics:

16(c)(1) – The parties agree that the case is unlikely to be disposed of by dispositive motion.

16(c)(2) – Plaintiffs expect to file an Amended Complaint, and agree to do so no later than September 6, 2013.  The Airlines have agreed to answer the Amended Complaint on or before September 10, 2013.

16(c)(3) – The parties do not consent to the assignment of the case to a magistrate judge for all purposes.

16(c)(4) – As to whether there is a realistic possibility of settling this case:

> Plaintiffs' Statement: Plaintiffs are open to a settlement that addresses the competitive harms posed by the merger but have not yet received any such proposal from the defendants.

> Defendants' Statement: Defendants attempted to settle the case before it was brought, have publicly indicated their willingness to consider alternative approaches to settlement, and continue to believe there ought to be a realistic possibility of settlement.

16(c)(5) – The parties believe that this case would not likely benefit from the Court's alternative dispute resolution procedures.

16(c)(6) – The parties agree that the case is unlikely to be resolved in full by summary judgment or a motion to dismiss.

16(c)(7) – The parties agree that, in light of the Defendants' prior submissions to the Plaintiffs, Defendants will fulfill all obligations with respect to initial disclosures by providing the information required under Fed. R. Civ. P. 26(a)(1)(A)(i).  Plaintiffs, too, will provide the information required under Fed. R. Civ. P. 26(a)(1)(A)(i) and further agree to satisfy their obligations under Fed. R. Civ. P. 26(a)(1)(A)(ii) by producing to the Defendants by August 30, 2013, all civil investigative demands issued to non-parties during the course of Plaintiffs' investigation into Defendants' proposed merger, and producing all documents obtained from non-parties pursuant to those demands - as soon as practicable under applicable law and court orders.

16(c)(8) – The parties have agreed to respond in writing to written discovery requests served upon one another within twenty days of service, not thirty days as contemplated by the Fed. R. of Civ. P.

16(c)(9) – The parties have reached an agreement on the scope of expert disclosures.  This specific language upon which the parties have agreed will be included in the proposed CMO.

16(c)(10) – The parties agree that the procedures under Fed. R. Civ. P. 23 are unnecessary because this is not a class action.

16(c)(11) – The parties agree that neither discovery nor trial should be bifurcated.

16(c)(12) – The parties agree that the Court should set the date for a pretrial conference at its convenience once the trial date has been decided.

16(c)(13) – The parties respectfully request that this Court determine at the initial scheduling conference when a trial will occur.

## III.  Disagreements on Topics Discussed Pursuant to Local Civil Rule 16.3(c)

The parties' remaining disagreements involve specific topics addressed in Rule 16.3(c).

Under Rule 16.3(c)(8), the parties disagree on the extent and limits on discovery.  Under Rule

16.3(c)(9), the parties also disagree about the timing and sequence of expert disclosures.  With

regard to Rule 16.3(c)(14), the parties disagree about one aspect of a proposed stipulated

protective order: whether the outside counsel for the AMR Corporation's Unsecured Creditors'

Committee should be allowed access to Confidential Information produced by non-parties.  The

parties' positions with regard to these three disagreements are summarized below:

16.3(c)(8) – Scope and Limits of Discovery

Plaintiffs' Position:

1) *Depositions*--Plaintiffs propose that each side be allowed up to 50 depositions, in addition

to the deposition of any person who appears on the parties' witness list who has not previously

been deposed.  Plaintiffs also propose that up to two executives from each Defendant be deposed

for a maximum of 2 days.

Plaintiffs believe that these limits are reasonable in light of the magnitude of this case.  Each

Defendant has many potential deponents involved in the aspects of their business relevant to this

case; for example, American alone has more than 20 employees devoted to monitoring its competitors' fares.  In addition, the Defendants have already made clear their intent to rely heavily on American's restructuring as part of their defense.  This necessitates deposing additional American executives about the restructuring and its impact on American's competitive vigor going forward.  Moreover, the Defendants have made clear that they intend to argue that several smaller airlines act as a constraint on coordination between existing legacy carriers.  Thus, it may be necessary to depose executives from those airlines.  And both parties are almost certainly to seek to depose executives from United, Delta, and Southwest.  Against this backdrop, Plaintiffs' proposed deposition limit is appropriate and consistent with other antitrust cases of similar size and scope.  The two-day limit for a select number of the depositions is based on Plaintiffs' specific analysis that several deponents, including in all likelihood the CEOs of Defendants, may require more than the allotted seven hours.

2) *Written Discovery*--Plaintiffs also propose that Plaintiffs may serve up to 10 interrogatories on each Defendant, and that Defendants may, in turn, serve up to 15 interrogatories on Plaintiffs, in aggregate.

Though *Fed. R. Civ. P.* 33(a)(1) permits Plaintiffs to ask up to 25 interrogatories, Plaintiffs' proposal represents a compromise with Defendants, who seek far fewer.  Plaintiffs do believe that the limit should reflect the need to ask interrogatories of each Defendant separately.  The set of issues varies to some degree by defendant (each of whom is represented by separate antitrust counsel).  Therefore, Plaintiffs will issue some interrogatories directed at only one defendant, and believe the interrogatory limit should be set accordingly.  Plaintiffs intend to use interrogatories to assess the factual bases for Defendants' arguments, including support for any

efficiencies that it may claim justify the lessening of competition likely to result from this merger.

Plaintiffs also propose that each side may serve up to 50 Requests for Admission, in addition to any requests relating solely to the authentication or admissibility of documents, data, or other evidence.  Though the Federal Rules contain no limit on Requests for Admission, Plaintiffs' proposal represents a compromise with Defendants who seek far fewer.

Defendants' Position:

The Airlines believe the parties should concentrate on trial preparation, not answering interrogatories or requests for admission.  Therefore, the Airlines propose each side be limited to five interrogatories and ten requests for admission.  Similarly, the scope of the trial makes it appropriate that the parties be limited to ten (not 50) depositions per side, with additional depositions allowed for persons on a party's final witness list who have not been deposed.  All depositions should be limited to seven hours absent Court order, as the Rules currently require.

The Airlines believe this proposal gives Plaintiffs ample opportunity for discovery to prepare for trial because Plaintiffs have already studied the proposed merger and examined the Airlines about its details and consequences at length.  US Airways first submitted documents to the DOJ relating to a potential combination with AMR following a civil investigative demand issued in April 2012—nearly 16 months ago.  Since that time, the Airlines have produced hundreds of thousands of documents, made seven witnesses available for investigational hearings, and answered numerous interrogatories. In light of these submissions, Plaintiffs do not need extensive written discovery to

prepare for trial.  Nor do Plaintiffs have a need to take five times the number of depositions contemplated by the federal rules in this case.  Fed. R. Civ. P. 30.

This District regularly rejects requests for increasing the number of depositions when those additional depositions will be cumulative of prior discovery and burdensome to the opposing party.  *See Donohoe v. Bonneville Int'l Corp.*, 602 F. Supp. 2d 1, 4-8 (D.D.C. 2009).  Limiting the depositions to ten, as contemplated by the federal rules, will focus discovery on the key issues in this case.

Finally, Plaintiffs' request for approval in advance to take four 14-hour depositions places an unreasonable and unnecessary burden on the Airlines.  In light of their 16-month investigation, Plaintiffs should be able to focus their questioning to fit within the seven hours contemplated by the federal rules.  Fed. R. Civ. P. 30(d)(2).

<u>16.3(c)(9) – Timing and Sequence of Expert Disclosures</u>

<u>Plaintiffs' Position</u>:

Plaintiffs propose that the parties make their expert disclosures and rebuttal reports simultaneously, at the end of fact discovery.

Plaintiffs' proposal for simultaneous expert disclosures is appropriate in light of the expedited schedules that both parties propose. It allows both sides the same opportunity to complete fact discovery before submitting expert reports, gives both parties the same opportunity to respond to each side's expert reports, and creates a complete record in advance of any expert depositions.

Defendants' proposal requires Plaintiffs to make expert disclosures halfway through Defendants' time for fact discovery, and even allows the Defendants to take expert depositions before making their own expert reports available.  This is a stark deviation from standard

practice and only demonstrates how Defendants' proposed trial date—which all but compels the expert schedule Defendants' seek—will serve to rush this matter to judgment.

There is no basis for Defendants' claim that Plaintiffs' pre-complaint investigation should allow for the early submission of expert reports. Pre-complaint discovery is directed at making an enforcement decision, not preparing for trial. Moreover, the pre-complaint investigation and issue analysis is not prepared in the form of expert trial reports, which will be submitted by outside experts retained as trial witnesses. These experts require sufficient time to undertake their independent analysis of the still-developing factual record and complete their reports. They cannot reasonably do so on the schedule and sequence Defendants propose.

Defendants' Position:

The Airlines propose sequential expert disclosures in which Plaintiffs would first produce their expert reports and the Airlines would then produce their expert reports. This structure is proper in this case because the Airlines have already submitted numerous expert economic analyses and participated in multiple meetings with Plaintiffs to review those analyses with the DOJ during the merger investigation. The Airlines met with DOJ staff and economists, on February 20th, May 3rd, June 12th, July 25th, August 1st, and again on August 6th of this year. In other words, Plaintiffs already have the advantage of having reviewed these expert analyses and having questioned the Airlines' economists about them.

Furthermore, sequential disclosure is aligned with the burden of proof and will streamline expert discovery by limiting the total number of expert reports to one set of opening reports from Plaintiffs' experts (which presumably will also serve as a rebuttal to the Airlines' experts presentations during the merger investigation) and a responsive round from the Airlines' experts. In contrast, simultaneous disclosure will require two full sets of disclosures: initial disclosures

from both parties' experts and then responsive disclosures.  The Airlines' approach reduces the

burden on the parties

16.3(c)(14) – Inclusion of Outside Counsel from Skadden Arps for the Unsecured
Creditors' Committee in Protective Order

Plaintiffs' Position:

Plaintiffs propose that counsel for the Unsecured Creditors Committee not be allowed access

to documents designated as Confidential by non-parties, except to the extent that the non-parties

consent.

Both defendants are represented by experienced outside counsel and there is no apparent

need to expose non-parties' confidential information to counsel for the Unsecured Creditors

Committee, which is a collection of organizations with interests that may be adverse to the non-

parties that produced confidential information.

Moreover, allowing committee counsel access to non-parties' confidential information will

likely significantly disrupt the discovery process.  It will almost certainly require this Court to

hear objections from non-parties to the protective order, and may well engender resistance to

non-party subpoenas that will in turn lead to motions to compel that would otherwise not be

necessary.  In short, allowing counsel for the Unsecured Creditors Committee access to non-

parties' confidential information will likely significantly disrupt and delay discovery in a case

that can hardly afford it, given the parties' proposed schedules.

Defendants' Position

The Court should permit outside counsel for AMR Corporation's Unsecured Creditors

Committee to review documents marked as confidential under the Protective Order.  The

Unsecured Creditors Committee has a responsibility for protecting the entire community of

AMR's unsecured creditors and ensuring that creditors remain well-represented about issues

affecting the debtor's plan of reorganization.  The UCC, which has endorsed the merger, has a direct interest in this action and a strong need to understanding its progress and its potential impact on AMR's plan of reorganization.  There is no reasonable confidentiality justification for excluding its outside counsel, Skadden Arps, from viewing designated documents.  Counsel will be bound by the terms of the Protective Order entered in this case.

Dated:  August 28, 2013

/s/_____
Ryan J. Danks
United States Department of Justice
Antitrust Division
450 5th Street NW
Room 4648
Washington, DC 20001
(202) 305-0128
Fax: (202) 514-6525
Email: ryan.danks@usdoj.gov

Attorney for Plaintiff United States

/s/_____
Nancy M. Bonnell
Antitrust Unit Chief
Arizona Bar No. 016382
1275 West Washington
Phoenix, Arizona 85007
Telephone:  602-542-7728
Facsimile:  602-542-9088
Email:  nancy.bonnell@azag.gov

Attorney for Plaintiff State of Arizona

/s/_____
Bennett Rushkoff (D.C. Bar  # 386925)
Chief, Public Advocacy Section
Nicholas A. Bush (D.C. Bar  # 1011001)
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., Suite 600-S
Washington, DC  20001
Telephone: 202-442-9841
Facsimile: 202- 715-7720
E-mail:  nicholas.bush@dc.gov

Attorneys for Plaintiff District of Columbia

Respectfully Submitted,

/s/_____
Richard G. Parker (DC Bar #327544)
Courtney Dyer (DC Bar #490805)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
(202) 383-5300 (Phone)
(202) 383-5414 (Facsimile)
rparker@omm.com
cdyer@omm.com
krobson@omm.com

Kenneth R. O'Rourke (Admitted Pro Hac Vice)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
(213) 430-6000 (Phone)
(213) 430-6407 (Facsimile)
korourke@omm.com

Paul T. Denis (DC Bar #437040)
Steven G. Bradbury (DC Bar #416430)
DECHERT LLP
1900 K Street, N.W.
Washington, DC 20006
(202) 261-3300 (Phone)
(202) 261-3333 (Facsimile)
paul.denis@dechert.com
steven.bradbury@dechert.com

Charles F. Rule (DC Bar #370818)
CADWALADER, WICKERSHAM
& TAFT LLP
700 Sixth Street, N.W.
Washington, DC 20001
(202) 862-2200 (Phone)
(202) 862-2400 (Facsimile)
rick.rule@cwt.com

Attorneys for Defendant
US Airways Group, Inc.

/s/_____
Lizabeth A. Brady
Chief, Multistate Antitrust Enforcement
Christopher Hunt
Associate Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399-1050
Telephone:  850-414-3300
Facsimile:  850-488-9134

Attorneys for Plaintiff State of Florida

/s/_____
James A. Donahue, III
Executive Deputy Attorney General
PA Bar No. 42624
Jennifer A. Thomson
Deputy Attorney General
Public Protection Division
14th Floor, Strawberry Square
Harrisburg, PA  17120
Telephone:  717-787-4530
Facsimile: 717-787-1190
Email:  jdonahue@attorneygeneral.gov

Attorneys for Plaintiff Commonwealth
of Pennsylvania

/s/_____
Victor J. Domen, Jr.
Senior Antitrust Counsel
Tennessee Bar No. 015803
500 Charlotte Avenue
Nashville, TN  37202
Telephone:  615-253-3327
Facsimile:  615-532-6951
Email:  Vic.Domen@ag.tn.gov

Attorney for State of Tennessee

/s/_____
John M. Majoras (DC Bar # 474267)
J. Bruce McDonald (DDC Admission Pending)
Michael S. Fried (DC Bar # 458347)
Rosanna K. McCalips (DC Bar # 482859)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
(202) 879-3939 (Phone)
(202) 626-1700 (Facsimile)
jmmajoras@jonesday.com
bmcdonald@jonesday.com
msfried@jonesday.com
rkmccalips@jonesday.com

Mary Jean Moltenbrey (DC Bar #481127)
PAUL HASTINGS LLP
875 15th Street, NW
Washington, DC 20005
(202) 551-1725 (Phone)
(202) 551- 0225 (Facsimile)
mjmoltenbrey@paulhastings.com

Attorneys for Defendant
AMR Corporation

/s/ _____

Mark A. Levy
Kayna Stavast-Piper
Assistant Attorney General
Texas Bar No. 24014555
Office of the Attorney General of Texas
300 W. 15th Street, 7th Floor
Austin, Texas 78701
Telephone:  512-936-1847
Facsimile:  512-320-0975
Email:mark.levy@texasattorneygeneral.com

Attorneys for Plaintiff State of Texas

/s/ _____

Sarah Oxenham Allen (Va. Bar # 33217)
Matthew R. Hull (Va. Bar # 80500)
Assistant Attorneys General
Office of the Attorney General
Consumer Protection Section
900 East Main Street
Richmond, VA  23219
Telephone:  804-786-6557
Facsimile:  804 786-0122
Email:  SOAllen@oag.state.va.us

Attorneys for Plaintiff Commonwealth
of Virginia

**Parties' Counter-Proposals for Discovery and Key Pre-trial and Trial Dates**

| | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| **Scope of Discovery** | 50 depositions per side (plus any non-deposed trial witnesses) 10 interrog. to each defendant 15 interrogatories to Plaintiffs 50 RFAs per side | 10 depositions per side (plus any non-deposed trial witnesses) 5 interrogatories per side 10 RFAs per side |
| **Protective Order submitted to Court** | August 28, 2013 | August 28, 2013 |
| **Discovery Commences per FRCP** | August 30, 2013 | August 30, 2013 |
| **Plaintiffs file Amended Complaint** | September 6, 2013 | September 6, 2013 |
| **Defendants' respond to Amended Complaint** | September 10, 2013 | September 10, 2013 |
| **Preliminary non-binding trial witness lists** | December 2, 2013 | September 27, 2013 |
| **Close of fact discovery** | January 7, 2014 | October 24, 2013 |
| **Final trial witness lists** | January 15, 2014 | November 1, 2013 |
| **Plaintiffs' expert reports** | January 17, 2014 | October 7, 2013 |
| **Defendants' expert reports** | January 17, 2014 | October 25, 2013 |
| **Rebuttal expert reports** | January 27, 2014 | TBD if needed |
| **Close of expert discovery** | February 7, 2014 | November 4, 2013 |
| **Opening pre-trial briefs due** | February 7, 2014 | November 7, 2013 |
| **Opening day of trial** | March 3, 2014 or after | November 12, 2013 |