UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.* <br><br> *Plaintiffs*, <br> v. <br><br> US AIRWAYS GROUP, INC. <br><br> and <br><br> AMR CORPORATION, <br><br> *Defendants*. | Case No. 1:13-cv-01236 (CKK) |

**STIPULATED PROTECTIVE ORDER
CONCERNING CONFIDENTIALITY**

In the interests of (i) promoting an efficient and prompt resolution of this Action; (ii) facilitating discovery by the Parties litigating this Action; and (iii) protecting the Parties' and non-parties' Confidential Information from improper disclosure or use, Plaintiffs, the United States and the Plaintiff States, and Defendants, US Airways Group, Inc. and AMR Corporation, have stipulated to the provisions set forth below. Upon good cause shown, the Court, pursuant to Fed. R. Civ. P. 26(c)(1)(G), ORDERS as follows:

**A. DEFINITIONS**

1. As used in this Order:

(a) "Confidential Information" means the portions of any Investigation Materials, or any other documents, transcripts, or other material that contain any trade secret or

1

other confidential research, development, or commercial information, as such terms are used in Fed. R.Civ. P. 26(c)(1)(G).

(b) "Defendants" means US Airways Group, Inc. and AMR Corporation, their divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing.

(c) "Disclosed" means shown, divulged, revealed, produced, described, transmitted, or otherwise communicated, in whole or in part.

(d) "Document" means documents or electronically stored information as defined in Fed. R. Civ. P. 34(a).

(e) "Investigation" means the Department of Justice's and Plaintiff States' pre-Complaint inquiries into the proposed merger of US Airways Group, Inc. and AMR Corporation.

(f) "Investigation Materials" means documents, information, transcripts of testimony, or other materials that (i) any non-party provided to any Party either voluntarily or under compulsory process during the Investigation, (ii) any Party provided to any non-party during the Investigation, or (iii) that Defendants have provided to Plaintiffs during the Investigation.

(g) "Parties" means collectively the Plaintiffs and Defendants to this Action, each of whom may be referred to as a "Party."

(h) "Person" means any natural person, corporate or business entity, partnership, association, joint venture, governmental entity, or trust.

(i) "Plaintiffs" means the United States of America, represented by the Antitrust Division of the United States Department of Justice, the Plaintiff States, and

representatives of the Antitrust Division of the Department of Justice and the Plaintiff States.

(j) "Plaintiff States" means the named plaintiff states in this Action, their respective Attorneys General and other authorized officials, and representatives of their respective Attorneys General.

(k) "Protected Person" means any person (including a Party) that provides or has provided Investigation Materials or that, voluntarily or under compulsory process, provides any documents, testimony, or other materials produced in this Action.

(l) This "Action" means the above-captioned action pending in this Court, including any pretrial, trial, or post-trial proceedings.

## B. DESIGNATION OF CONFIDENTIAL INFORMATION

1. Any document or portion thereof submitted by a Protected Person during an investigation by Plaintiffs that is entitled to confidentiality under the Antitrust Civil Process Act, 15 U.S.C. ¶¶ 1311-14, or any federal or state statute, regulation, interpretation, or precedent concerning documents in the possession of Plaintiffs, as well as any information taken from any portion of such document, shall be treated as "Confidential Information" for purposes of this Order.

2. Within two business days after the Court's entry of this Order, the applicable Party shall send by email, facsimile, or overnight delivery a copy of this Order to each nonparty Protected Person (or, if represented by counsel, the Protected Person's counsel) that provided Investigation Materials to any Party. Any of the foregoing acts constitute notice of this Order to a Protected Person.

If a non-party Protected Person determines that this Order does not adequately protect its confidential Investigation Materials, it may, after meeting and conferring with the Parties and within ten days after receipt of a copy of this Order, seek additional relief from the Court. If a non-party Protected Person seeks additional relief from the Court, only the Investigation Materials for which additional protection has been sought will not be produced until the Protected Party and the Parties have agreed or the Court has ruled on the Protected Party's motion.

No non-party Protected Person's Confidential Information shall be produced to any Party by any other Party until at least 11 days after the non-party's receipt of notice of this Order unless, before then, the non-party Protected Person indicates in writing that it does not seek relief in addition to the terms of this Order.

3. A Protected Person may designate as "Confidential Information" any information that it provides to any Party during this Action, to the extent such information constitutes Confidential Information as defined in Paragraph 1(a) of this Order. Such designations constitute a representation to the Court that such Protected Person believes, in good faith, that the information so designated constitutes Confidential Information. Any production of information not designated as Confidential Information will not be deemed a waiver of any future claim of protection concerning such information if it is later designated Confidential Information pursuant to Paragraph 6 of this Order. However, any such subsequent designation will not retroactively prohibit the disclosure of any information for which disclosure was proper when made.

4. In view of the large volume of Investigation Materials provided by Protected Persons, and of the burden of reviewing all of those Investigation Materials, those

Investigation Materials will generally be treated as Confidential Information under this Order during pretrial proceedings, except that any Investigation Materials that have been treated as Confidential Information under this Paragraph may be Disclosed in accordance with the procedures set forth in this Order.

5. Designation as Confidential Information of deposition transcripts and documents and other material produced during this Action is governed as follows:

(a) After this Order is entered, whenever discovery is sought by subpoena from a non-party in this Action a copy of this Order shall accompany the subpoena.

(b) All transcripts of depositions taken in this Action after entry of this Order will be treated as Confidential Information in their entirety for 10 days after the date a copy of the final transcript has been received by the deponent (or the deponent's counsel) for review. If the transcript is not otherwise provided to the deponent (or the deponent's counsel), then the Party that noticed the deposition shall provide the final transcript to the deponent or the deponent's counsel within three days of receipt. At any time during the 10 days following receipt of the final transcript, a Protected Person may designate any portion of testimony or any deposition exhibits produced by the deponent or the deponent's employer as Confidential Information, in compliance with Paragraph 3 of this Order. Such designations (with reference to the page(s) and line(s) of the final transcript) must be provided in writing by the person making such designations to both Plaintiffs' and Defendants' counsel. When a deponent's testimony discloses information contained in an exhibit designated by a different Protected Person as Confidential Information, all Parties, as well as the deponent and his or her counsel, shall treat the exhibit and all testimony related to such an exhibit in accordance with the exhibit's confidential

designation until 30 days after the party that noticed the deposition provides to the Protected Person who so designated the exhibit the portion of the transcript relating to the exhibit, during which time the Protected Person may designate those portions of the testimony as Confidential Information in accordance with Paragraph 3 of this Order.

(c) A Protected Person that designates as Confidential Information any document produced in this Action after entry of this Order must stamp or label each page of each document containing Confidential Information with the designation "CONFIDENTIAL." Where Confidential Information is produced in electronic format on a disk or other medium that contains exclusively Confidential Information, the "CONFIDENTIAL" designation may be placed on the disk or other medium.

6. If a Party or other Protected Person inadvertently fails to designate as Confidential Information any documents or testimony or other materials, it may later so designate by notifying the Parties in writing. After receiving such notice, the Parties shall thereafter treat the newly designated information as Confidential Information. No prior disclosure of newly designated Confidential Information shall violate this Order, and the Parties have no obligations regarding such prior disclosures. However, in circumstances other than depositions and court filings, the disclosing Party will cooperate with the Protected Person to retrieve copies distributed to non-parties or Parties beyond those permitted by this Order to have such document or information.

If a Party or Protected Person inadvertently produces, or has produced, material subject to the attorney-client privilege, work-product protection, the deliberative-process privilege, or any other applicable privilege or protection, despite reasonable efforts to prescreen such material prior to production, the applicable privilege and/or protection

shall not be waived if a request for return of such inadvertently produced material is made promptly after the producing Party or Protected Person learns of its inadvertent production. Upon such prompt notice, the parties will comply with Fed. R. Civ. P. 26(b)(5)(B) and any other applicable rules or orders.

7. If a Party receives from a Protected Person a confidentiality waiver, or a Party itself waives confidentiality of its own Confidential Information, to allow a deponent that is not related to the waiving Protected Person (or Party) to be questioned on information that would otherwise be Confidential Information that is not permitted to be disclosed to the deponent, that waiver (including identification of the specific Confidential Information to which it pertains) must be disclosed to counsel for all other Parties as soon as reasonably possible, and in any event no later than 24 hours prior to the deposition of the witness in question, unless good cause for later disclosure is shown.

8. Any Party that objects to the designation as Confidential Information of any materials that it intends disclose to a deponent, file with the Court, or use at trial shall notify the Protected Person in writing, copying all Parties identifying the specific documents and information they believe should not be designated as Confidential Information and the basis for their belief. Thereafter, within three days the Party objecting to the designation shall confer with the Protected Person by telephone to discuss their respective positions. Unless the Protected Person withdraws the designation(s) objected to, the Protected Person shall then have 10 days from the date of the telephonic conference to file a motion seeking an order upholding the designation or otherwise raise the issue with the Special Master. The burden of proving that the designation is proper under Fed. R. Civ. P. 26(c)(1)(G) shall be upon the person seeking

to uphold the designation. If a motion is filed, or if the Parties have been notified that the Protected Person intends to file a motion, the Parties shall continue to treat the designated Confidential Information at issue as Confidential Information until a ruling on the motion and afterward if the motion is granted. If the Protected Person does not seek an order within 13 days of receiving the original objection to the designation, or if the Court determines the designation of Confidential Information to have been inappropriate, the challenged designation shall be rescinded.

### C. SCOPE OF DISCLOSURE OF CONFIDENTIAL INFORMATION

9. Except as authorized by this Order, information designated as Confidential Information pursuant to this Order shall not be disclosed to any Person other than the persons set forth below, and may be disclosed to and used by the persons set forth below and used only in this Action in the manner described below:

(a) the Court and all individuals assisting the Court in this Action, including law clerks, court reporters, and stenographic or clerical personnel;

(b) United States Department of Justice attorneys and employees, and independent contractors retained by the United States Department of Justice to assist in the prosecution of this Action or otherwise assist in its work;

(c) attorneys and employees of the Attorneys General of the Plaintiff States, and independent contractors retained by them to assist in the prosecution of this Action or otherwise assist in their work;

(d) outside counsel acting for Defendants in this Action, that counsel's employees, and independent contractors who are not employees of any Defendant, assisting such outside counsel in the defense of this Action;

(e) authors, addressees, and recipients of particular information designated as Confidential Information solely to the extent that they have previously had lawful access to the particular information disclosed or to be disclosed;

(f) persons (and their counsel) that Plaintiffs or Defendants believe, in good faith, to have had prior access to the Confidential Information, or who have been participants in a communication that is the subject of the Confidential Information and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they may have had access or that is the subject of the communication in which they may have participated; provided that, unless and until the persons or their counsel confirms that the persons had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the persons' access or participation;

(g) testifying or consulting experts who are not employees of Defendants, retained by a Party to assist in the prosecution or defense of this Action, including employees of the firm with which the expert or consultant is associated or independent contractors who are not employees of any Defendants, who are necessary to assist the experts' work in this Action; and

10. Before any information designated as Confidential Information may be disclosed to any person described in Paragraph 9(g) of this Order, he or she must first read this Order or must have otherwise been instructed on his or her obligations under the Order by this Court or counsel for a Party, and shall have executed the agreement included as Appendix A hereto. Counsel for the Party making the disclosure must retain a copy of

such executed agreement for a period of at least one year following the final resolution of this Action. Each individual described in Paragraph 9 of this Order to whom information designated as Confidential Information is disclosed must not disclose that Confidential Information to any other Person, except as provided in this Order.

11. Nothing in this Order:

(a) subject to the notice requirement in Paragraph 7, limits a Person's use or disclosure outside of this Action of its own information designated as Confidential Information;

(b) prevents disclosure of Confidential Information by any Party to any current employee of the Protected Person that designated the information as Confidential Information;

(c) subject to the notice requirement in Paragraph 7, prevents disclosure of Confidential Information by any Party with the consent of the person that designated the Confidential Information; or

(d) prevents disclosure by a Party of Confidential Information (i) that is or has become publicly known through no fault of that Party; (ii) lawfully acquired or known to that Party independent of receipt in discovery in this Action; (iii) previously produced, disclosed, and/or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to an order of a Court or as may be required by law; or

(e) prevents Plaintiffs, subject to taking appropriate steps to preserve the further confidentiality of such information, from disclosing information designated as Confidential Information (i) to secure compliance with a Final Judgment that is entered in

this Action; (ii) for law enforcement purposes, including in the course of any such proceedings in which Plaintiffs are parties; or (iii) as may be required by law.

**D. DISCLOSURE OF CONFIDENTIAL INFORMATION IN THIS ACTION**

12. If any documents or testimony or other materials designated under this Order as Confidential Information is included in any pleading, motion, exhibit, or other paper to be filed with the Court, the Party seeking to file such material shall follow the procedures set forth in LCvR 5.1(j) of the Rules of the United States District Court for the District of Columbia. Nothing in this Order shall restrict any person, including any member of the public, from challenging the filing of any Confidential Information material under seal. A Party that files with the Court material that has been designated as Confidential Information by a non-party shall notify the non-party of that filing (and what Confidential Information designated by that non-party was included in the filing) within one day after the filing, provided that the non-party has informed the parties of its desire to receive such notification and provided an email contact to the parties. In addition, parties shall provide non-parties at least twenty-four (24) hours' notice before any court hearings or other proceedings during which a non-party's Confidential Information may be publicly disclosed, provided that the non-party has informed the Parties of its desire to receive such notification and provided an email contact to the parties.

13. Disclosure at trial of documents and testimony and other materials designated as Confidential Information will be governed pursuant to Court order. The parties shall meet and confer no later than 30 days before trial and submit a recommended order outlining those procedures. Absent a ruling by the Court to the contrary, documents or deposition testimony, or other materials or information designated as Confidential

Information by a Protected Person that appear on an exhibit list or in deposition designations, that are admitted into evidence at trial, will be disclosed on the public record, and any examination relating to such information will likewise be disclosed on the public record, after compliance processes established by this Court.

14. All Confidential Information produced by a Party or non-party as part of this proceeding shall be used solely for purposes of the conduct of this Action and shall not be used for any business, commercial, competitive, personal, or other purpose.

### E. PROCEDURES UPON TERMINATION OF THIS ACTION

16. (a) Within 90 days after receiving notice of the entry of an order, judgment, or decree terminating this Action concerning all parties (including the resolution of appeals, if any), all persons having received information designated as Confidential Information must either make a good-faith effort to return such material and all copies thereof to the Person that produced it if the information is contained in original documents, or destroy all copies of such Confidential Information. Counsel for the Parties will be entitled to retain court papers and filings, deposition and trial transcripts and exhibits, expert reports and supporting documents, and work product (including compilations of documents), provided that Plaintiffs' employees and Defendants' counsel and such counsel's employees do not disclose such materials to any person except pursuant the terms of this Order or other Court order, or pursuant to agreement with the person that produced the information designated as Confidential Information. All Confidential Information returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this Paragraph. Nothing in this Paragraph restricts the rights of the Plaintiffs, under Paragraph 11 of this Order, to retain and use documents, information, or

other material designated as Confidential Information for law-enforcement purposes or as otherwise required by law.

(b) This Order shall be binding on the parties to this action, their attorneys, and their successors, personal representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control. The obligations imposed by this Order survive the termination of this litigation unless the Court, which shall retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise.

### F. RIGHT TO SEEK MODIFICATION

17. Nothing in this Order prevents any Person, including members of the public, from seeking modification of this Order, upon motion made pursuant to the rules of this Court.

### G. PRIVACY ACT

18. This Order constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11).

**SO ORDERED.**

BY THE COURT:

_____
United States District Judge

Dated: August 30, 2013

## APPENDIX A

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*<br><br>                              *Plaintiffs,*<br>         v.<br><br>US AIRWAYS GROUP, INC.<br><br>and<br><br>AMR CORPORATION<br><br>                              *Defendants.* | Case No. 1:13-01236-CKK |

### AGREEMENT CONCERNING CONFIDENTIALITY

I, _____, am employed as _____ by _____. I hereby certify that:

    1. I have read the Stipulated Protective Order Concerning Confidentiality ("Protective Order") entered in the above-captioned action, and understand its terms.

    2. I agree to be bound by the terms of the Protective Order and agree to use information, designated as Confidential Information, provided to me only for the purpose of this litigation.

    3. I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action may subject me, without limitation, to civil and criminal penalties for contempt of Court.

    4. I submit to the jurisdiction of the United States District Court for the District of Columbia solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

    5. I make this certificate this ____ day of _____, 201__.

Signed: _____