## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>US AIRWAYS GROUP, INC., *et al.*,<br><br>Defendants. | Civil Action No. 13-1236 |

## SCHEDULING AND CASE MANAGEMENT ORDER
(September 4, 2013)

In order to administer this civil action in a manner fair to the litigants and consistent with the parties' interest in completing this litigation in the shortest possible time and at the least possible cost, it is, this 4th day of September, 2013, hereby

**ORDERED** that the parties shall comply with each of the directives set forth in this Order. The Court will hold the parties responsible for following these directives; failure to conform to this Order's directives **may, when appropriate, result in the imposition of sanctions**.

IT IS **FURTHER ORDERED** that the parties shall adhere to the following schedule:

| Event | Deadline<br>(All dates 2013) |
|---|---|
| Amended Complaint to be filed | September 6 |
| Responses to Complaint due | September 10 |
| Exchange Preliminary Witness Lists | September 30 |

| Event | Deadline (All dates 2013) |
|---|---|
| Status Hearing (Parties' joint submission due September 30, noon) | October 1 |
| Close of Fact Discovery | October 25 |
| Plaintiffs' Expert Disclosures | October 25 |
| Final Deadline for Requests for Admissions to be served | October 30 |
| Defendants' Expert Disclosures | November 8 |
| Supplemental and/or Rebuttal Expert Reports | November 15 |
| Close of Expert Discovery | November 20 |
| First day of trial | November 25 |

**Other Provisions:**

1. **Service of the Complaint**.  In this action, counsel for Defendants, acting on behalf of Defendants, have accepted service of the Complaint and have waived formal service of a summons.

2. **Discovery Conference**.  The parties' prior consultations and submission of this stipulated Order relieve the parties of their duty under Fed. R. Civ. P. 26(f) and the Local Rules to confer further about scheduling and a discovery plan.

3. **Completion of Transaction**.  Defendants have agreed that they will not consummate or otherwise complete their planned merger until seven days after this Court enters a final and appealable order from the trial commencing November 25, 2013.

4. **Appointment of Special Master**.  The parties agree to the appointment of the Honorable Richard A. Levie (ret.) to serve as Special Master to oversee discovery in this action. The Court will issue a separate Order outlining the scope of his responsibilities and authority.

5. **Initial Disclosures**.  In light of Defendants' prior submissions to the DOJ, Defendants fulfill all obligations with respect to initial disclosures by providing the information required under Fed. R. Civ. P. 26(a)(1)(A)(i).  Plaintiffs too will provide the information required under Fed. R. Civ. P. 26(a)(1)(A)(i) and further agree to satisfy their obligations under Fed. R. Civ. P. 26(a)(1)(A)(ii) by producing to the Defendants by August 30, 2013, all civil investigative demands issued to non-parties during the course of Plaintiffs' investigation into Defendants' proposed merger, and producing all documents obtained from non-parties pursuant to those demands as soon as practical under applicable law and court orders.  This Paragraph does not require the production of any party's attorney work product, factual information learned in non-party interviews, confidential attorney-client communications, communications with or information provided to any potentially or actually retained expert, or materials subject to the deliberative-process privilege, or any other privilege.  The parties shall complete initial disclosures under Fed. R. Civ. P. 26(a)(1)(A)(i) on September 10, 2013, and shall complete initial disclosures under Fed. R. Civ. P. 26(a)(1)(A)(ii) on September 12, 2013, or as otherwise permitted by court order.

6. **Discovery**.

A. *Interrogatories*:  Plaintiffs (collectively) shall be permitted to propound up to 10 interrogatories (including subparts) to each Defendant.  Defendants (collectively) shall be permitted to propound up to 15 interrogatories (including subparts) to Plaintiffs collectively.

B.  *Requests for Admission*:  Plaintiffs (collectively) shall be permitted to serve up to 15 requests for admission on Defendants.  Defendants (collectively) shall be permitted to serve the same number on Plaintiffs.

C.  *Requests for Production*:  There shall be no limit on the number of requests for the production of documents that may be served by the parties.

D.  *Written Responses*:  The parties have agreed to respond in writing to written discovery requests served upon one another within 20 days of service, not 30 as contemplated by the Fed. R. Civ. P.  The parties agree they will produce documents 20 days after service of a document request.  If a party believes a particular request is so broad or burdensome that it cannot complete production in 20 days, it shall meet and confer before the 20-day deadline, begin producing documents in 20 days, and, if necessary, seek relief from the Special Master.  Both parties agree to produce documents on a rolling basis where feasible.

E.  *Authenticity / Admissibility*:  The parties shall meet and confer in good faith regarding the authentication or admissibility of documents, data, or other evidence.

F.  *Data Compilations*:  In response to any requests for data or data compilations, the parties shall meet and confer in good faith and, if appropriate, make employees knowledgeable about the content, storage, and production of data available for informal consultations during a meet-and-confer process.  To the extent that either party needs such information for evidentiary purposes, that party shall serve formal process.  The informal consultations contemplated by this provision shall not constitute admissible evidence.

G.  *Depositions of Fact Witnesses*:  Plaintiffs (collectively) shall be entitled to notice up to forty (40) depositions.  Defendants (collectively) shall be permitted to notice up to the same number.  A notice of a deposition of a party to be taken pursuant to Fed. R. Civ. P. 30(b)(6) shall

be limited to a reasonable and related set of issues on a single topic, and shall count as one deposition regardless of the number of witnesses produced to testify.

Party witnesses shall be made available for deposition upon seven days' notice. Party witnesses must be made available on the date the deposition is noticed or on a date within three business days of the date noticed absent agreement of the parties or relief from the Special Master.

Plaintiffs may further depose party witnesses whose investigative depositions were taken during the Investigation, and the mere fact that such individuals' depositions were taken during the investigation may not be used as a basis to object to their deposition during the litigation.

During non-party depositions, the non-noticing party shall receive at least two hours of examination time. If the non-party deposition is noticed by both parties then time shall be divided equally.

If a party serves on a non-party a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the scheduled deposition date must be at least 7 days after the original return date for the document subpoena absent good cause shown.

7. **Nationwide Service of Trial Subpoenas**. To assist the parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, the parties shall be permitted, pursuant to 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district requiring witnesses to attend this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Fed. R. Civ. P. 32 and Fed. R. Evid. 804 available under those rules.

8. **Discovery of Confidential Information**.  Discovery and production of confidential information shall be governed by the Stipulated Protective Order Concerning Confidentiality, entered by the Court on August 30, 2013, and a copy of the Order shall be included with any discovery requests, notices, or subpoenas directed to non-parties.

9. **Preliminary Trial Witness Lists**.  The parties shall exchange preliminary trial witness lists.  These lists are non-binding and are meant to assist the parties to timely complete discovery.

10. **Expert Witness Disclosures and Depositions**.  Expert disclosures shall be governed by Fed. R. Civ. P. 26, except as modified by this Order.  Expert disclosures, including each party's expert reports, shall comply with the requirements of Fed. R. Civ. P. 26(a)(2), except that neither side must preserve or disclose the following documents or materials:

   a. any form of oral or written communication, correspondence, or work product shared between any of the parties' counsel and their expert(s), between testifying and non-testifying experts, between non-testifying experts, or between testifying experts;

   b. any form of oral or written communication, correspondence, or work product shared between an expert(s) and persons assisting the expert;

   c. expert's notes, except to the extent that the notes reflect facts or assumptions relied upon by the expert in the opinions contained in his or her final report;

   d. drafts of expert reports, analyses, or other work product; or

   e. data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final report.

The parties shall disclose the following materials with all expert reports:

   a. list by Bates number of all documents relied on by the testifying expert(s); and, except for documents or materials exempted from disclosure by subsections a.-e. in the preceding paragraph, copies of any materials relied on by the testifying expert(s) that were not previously produced and are not readily available publicly; and

  b. for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files, and any intermediate files.

Depositions of each side's experts may be conducted after the disclosure of all expert reports and materials and must be completed by the close of expert discovery.

  11. **Service of Pleadings and Discovery on Other Parties**.  Service of all pleadings, discovery requests, including Rule 45 subpoenas for testimony or documents, and delivery of all correspondence in this matter shall be made by email, except when the volume of attachments requires overnight delivery of the attachments or personal delivery, in which case service shall be made to the following individuals designated by the parties (including principal designees) for each side noted below:

  For Plaintiff United States of America:

Ryan Danks
Kate Mitchell-Tombras
Patrick Hallagan
Department of Justice Antitrust Division
Transportation, Energy, and Agricultural Section
450 5th Street Northwest, Suite 8000
Washington, DC 20530
ryan.danks@usdoj.gov
katharine.mitchell@usdoj.gov
f.patrick.hallagan@usdoj.gov
Ph. (202) 305-0128 (Mr. Danks)

  For Plaintiff States:

Mark Levy
Assistant Attorney General
Office of the Attorney General of Texas
300 W. 15th Street, 7th Floor
Austin, Texas 78701
mark.levy@texasattorneygeneral.gov
Ph: (512) 936-1847

For Defendant US Airways Group, Inc.:

Kenneth R. O'Rourke
Robert M. Swerdlow
Courtney Dyer
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
korourke@omm.com
rswerdlow@omm.com
cdyer@omm.com
Ph. (202) 383-5215 (Ms. Dyer)

For Defendant AMR Corporation:

John M. Majoras
Rosanna K. McCalips
JONES DAY
51 Louisiana Ave. NW
Washington D.C. 20001
jmmajoras@JonesDay.com
rkmccalips@JonesDay.com
Ph. (202) 879-3898 (Ms. McCalips)

For purposes of calculating discovery response times under the Federal Rules, electronic delivery at the time the email was received shall be treated in the same manner as hand delivery at that time.  However, for any service other than service of court filings, email service that is delivered after 6:00 pm Eastern Time shall be treated as if it was served the following business day.

Any productions made by parties to other parties shall be made pursuant to the formats used for productions in response to the Plaintiff United States' Requests for Additional Information issued on March 4, 2013, except for non-party material obtained in response to subpoenas, which shall be treated as described below.  A party serving a subpoena on a non-party for the production of documents, including electronically stored information, need not provide advance notice of the subpoena to the other parties.

Each side shall copy and produce materials obtained in discovery, in the format they were received, from any non-party to the other side, within three business days after receipt by the party initiating the discovery request; except that if a non-party produces documents or electronic information that are not Bates-stamped, the party receiving the documents may Bates-stamp them before producing a copy to other parties, and shall produce the documents or electronic information in a timeframe appropriate to the volume and complexity of the files received.

Service of materials too voluminous to be emailed shall be delivered to Plaintiffs:

Ryan Danks
Trial Attorney
United States Department of Justice
450 Fifth Street Northwest, Suite 8000
Washington, DC 20530 (20001 for courier and overnight deliveries)
Ph: (202) 305-0128

with a duplicate copy to:

Mark Levy
Assistant Attorney General
Office of the Attorney General of Texas
300 W. 15th Street, 7th Floor
Austin, Texas 78701
Ph: (512) 936-1847

Service of materials too voluminous to be emailed shall be delivered to Defendants:

For Defendant US Airways Group, Inc.:

Kenneth R. O'Rourke
Robert M. Swerdlow
Courtney Dyer
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
korourke@omm.com
rswerdlow@omm.com
cdyer@omm.com
Ph. (202) 383-5215 (Ms. Dyer)

      For Defendant AMR Corporation:

John M. Majoras
Rosanna K. McCalips
JONES DAY
51 Louisiana Ave. NW
Washington D.C. 20001
jmmajoras@JonesDay.com
rkmccalips@JonesDay.com
Ph. (202) 879-3898 (Ms. McCalips)

or by alternative arrangement.

      12. **Pre-Trial Order and Exhibit Lists**. On or before October 25, 2013, the parties shall negotiate the timing, method, and manner of the exchange of exhibit lists and objections and deposition designations, objections and counter-designations, and objections and counter-counter designations.

      13. **Evidentiary Presumptions**. Documents produced by nonparties from their own files shall be presumed to be authentic within the meaning of Fed. R. Evid. 901. Any good faith objection to a document's authenticity must be provided at the same time as other objections to intended trial exhibits. If the opposing side serves a specific good-faith written objection to the document's authenticity, the above presumption will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection. Any objections that are not resolved through this means or the discovery process will be resolved by the Court.

      14. **Demonstrative Exhibits**. Demonstrative exhibits, other than those to be used by experts, do not need to be included on exhibit lists, but unless otherwise agreed or ordered, need to be provided to trial counsel for the parties at least 24 hours before any such exhibit may be introduced, or otherwise used, at trial. However, (1) text-only handouts and PowerPoint slides and (2) demonstratives created in court need not be pre-disclosed to the opposing party.

15. **Courtesy Copies**.  The parties shall deliver one (1) courtesy copy of any submission to the Court that is over twenty (20) pages in length or that includes more than one (1) exhibit to the Court Security Officer at the loading dock located on C Street near the corner of Third and C Streets (not the Clerk's Office or Chambers).  Courtesy copies shall be appropriately bound and tabbed for ease of reference.  All courtesy copies shall be delivered as soon as possible but in any event by 12:00 PM the next business day.

16. **Appearance at Hearings**.  Lead trial counsel shall appear at all hearings unless excused by the Court in advance.

17. **Modification of Scheduling and Case Management Order**.  Any party may seek modification of this Order for good cause.

   **SO ORDERED.**

                                                                    */s/*
                                                           **COLLEEN KOLLAR-KOTELLY**
                                                           UNITED STATES DISTRICT JUDGE