# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA, *et al.*,

*Plaintiffs,*

*v.*

US AIRWAYS GROUP, INC. and AMR
CORPORATION,

*Defendants,*

Case No. 1:13-cv-01236-CKK
(Before Special Master Levie)

**DEFENDANTS' MOTION TO COMPEL PRODUCTION
OF FACTUAL MATERIALS AND INFORMATION REGARDING
DOJ'S APPROVALS OF FOUR PRIOR AIRLINE MERGERS**

Defendants hereby move for an order compelling Plaintiffs to respond to Requests 15

through 20 of Defendants' First Request for Production of Documents ("RFP") (*see*

accompanying Declaration of Steven Bradbury, Ex. A) and Interrogatory 2 of Defendants' First

Set of Interrogatories (*see id.*, Ex. B).  These requests seek the factual record on which the

Department of Justice ("DOJ") approved four prior airline mergers under section 7 of the

Clayton Act.  This motion is supported by the following points and authorities:

**Preliminary Statement**

Over the past eight years, DOJ has approved four airline mergers similar to the one at

issue here.  Each time, DOJ issued press releases explaining that, after careful consideration, it

had determined that the merger would enhance competition in the airline industry and benefit the

traveling public.  (*Id.*, Ex. C.)  Those mergers—the 2005 US Airways-America West Airlines

merger, the 2008 Delta Air Lines-Northwest Airlines merger, the 2010 United Airlines-

Continental Airlines merger, and the 2011 Southwest Airlines-AirTran merger—spurred

competition and allowed United and Delta to create broad airline networks with global reach. But in the Amended Complaint, DOJ alleges that those mergers "hurt passengers" and that the American Airlines-US Airways merger would exacerbate the harm caused by the previous mergers. (Am. Compl. ¶ 35; *see also* ¶¶ 46, 64-67, 71.) Even more remarkable than DOJ's abrupt and unexplained reversal is the fact that it contends that the dramatic change in its view of consolidation in the airline industry is off-limits in the discovery process here.

DOJ seeks to prevent Defendants from learning the facts on which it approved the other four mergers. But DOJ cannot assert that the American-US Airways merger should be blocked because it could cause the same results as the prior mergers, and, at the same time, contend that those mergers have no relevance here. Plaintiffs raised this line of inquiry themselves, and the discovery sought will be used to demonstrate that this merger offers significant procompetitive benefits. Accordingly, Plaintiffs should be compelled to provide the requested discovery.

Defendants' RFPs 15 through 19 seek documents that reflect the facts, factual assumptions, and forecasts on which DOJ based its original conclusions that the service improvements and other consumer benefits expected from the prior mergers would increase competition, notwithstanding any predicted fare effects on overlapping routes. Interrogatory 2 asks for the same factual information directly. Defendants' RFP 20 seeks the documents that reflect the underlying studies, analyses, and forecasts described in an article published by three senior DOJ economists that "report[ed]" on DOJ's approval of the Delta-Northwest merger and summarized the government's method for evaluating the costs and benefits of proposed mergers. (*See* Ex. D, Heyer, Shapiro, & Wilder, *The Year in Review: Economics at the Antitrust Division 2008-2009*, § 2.3.)

Plaintiffs refused to produce any of the requested documents or information on the ground that the factual record on which DOJ approved the prior airline mergers is not "relevant" to any issue in this case.  Plaintiffs also asserted several varieties of privilege, including deliberative process privilege and work-product protection.  (*See* Ex. A at 0023-33; Ex. B at 0043-0044.)  The parties met and conferred, to no avail.  In an effort to sharpen the issues for resolution by the Special Master, Defendants asked Plaintiffs to itemize the categories of materials at issue, and explain what privilege(s) they claimed as to each category.  Plaintiffs refused.

These discovery requests do not seek privileged materials.  They do not seek the government's internal deliberations over whether to approve the prior mergers.  They do not seek the government's legal analysis.  Instead, the requests simply seek facts.  Plaintiffs have these facts in their possession, used these facts to approve prior mergers, and now claim this Court should halt the current merger because it may cause the same results as those prior mergers.  Our discovery system is designed to ensure that parties cannot plead facts and then refuse to disclose those facts.  The motion to compel should be granted.

<u>**Argument**</u>

**I.      The Requested Information Is Highly Relevant.**

Defendants are entitled to discover all facts available to Plaintiffs that are potentially relevant to the allegations in the Complaint and all non-privileged documents that may lead to discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b)(1).  The requested materials and information easily meet this standard for at least two reasons.

First, the requested discovery will enable Defendants to show that this merger is procompetitive even when evaluated using similar models, forecasts, and analyses as those the government itself relied on when it concluded that earlier mergers did not violate section 7.  *See*

*United States v. Leggett & Platt, Inc.*, 542 F.2d 655, 658 (6th Cir. 1976) ("[I]nvestigatory inquiries into other industry acquisitions are relevant, and thereby discoverable unless privileged, to the extent they contain factual materials, such as surveys and economic analyses of the industry, and the government analyses."). Defendants intend to show at trial that the present merger should be approved because its net effect will be to increase, not decrease, competition. Defendants expect to make this showing in part using models and economic studies very similar to those that DOJ relied on in approving the prior mergers. Using DOJ's own analysis, the present merger will generate similar and potentially even greater procompetitive effects than DOJ predicted when approving prior mergers under section 7.

Second, Plaintiffs have established the relevance of this inquiry by alleging that the prior airline mergers did not produce the benefits DOJ predicted, and attempting to use this fact to attack the current merger. Having approved previous mergers and put their results at issue in this case, DOJ cannot now refuse Defendants the opportunity to understand whether and how the prior mergers' outcomes were inconsistent with DOJ's own analyses. In addition, Defendants have submitted a retrospective merger analysis to DOJ, and the allegations in the Complaint suggest that DOJ may cross-examine Defendants' expert witnesses about these prior mergers. Without the requested factual materials and information, Defendants will be handcuffed in responding to these allegations and in preparing for expert depositions. Put simply, having raised the issue, Plaintiffs must now allow its full consideration.

## II.    The Requested Factual Materials and Information Are Not Shielded from Discovery.

Plaintiffs' privilege assertions should be rejected. Defendants' discovery requests seek only factual materials and information, and Plaintiffs cannot shield this information from

discovery now that they have put at issue DOJ's prior merger analyses—and in any event, DOJ

has waived any basis it might have to claim privilege by its own public statements.

### A.      Deliberative Process Privilege Does Not Apply to the Underlying Facts.

The deliberative process privilege "does not authorize an agency to throw a protective

blanket over all information" that may have been selected or generated in support of a

deliberative decision; thus, "[p]urely factual reports and scientific studies cannot be cloaked in

secrecy by [a privilege] designed to protect only those internal working papers in which opinions

are expressed and policies formulated and recommended."  *Am. Radio Relay League, Inc. v.

FCC*, 524 F.3d 227, 238 (D.C. Cir. 2008) (quotation marks omitted); *see McGrady v. Mabus*,

635 F. Supp. 2d 6, 17 (D.D.C. 2009) ("When the information at issue is '[f]actual material that

does not reveal the deliberative process,' it is not protected.") (citations omitted).  Unlike the

ultimate policy recommendations conveyed to the relevant decisionmaker—which may be

protected—the facts, data analyses, economic studies, models, and forecasts that underlie those

recommendations fall outside the privilege and must be produced.  *See, e.g.*, *Public Citizen, Inc.

v. OMB*, 598 F.3d 865, 874, 876 (D.C. Cir. 2009) (the deliberative process privilege protects

only the "give-and-take" of an agency's consultative process); *Vento v. IRS*, 714 F. Supp. 2d 137,

154 (D.D.C. 2010) (same).

The only relevant exception provides that underlying factual materials are shielded if they

are so inextricably intertwined with the deliberative recommendations of the agency that

separation is impossible.  Plaintiffs have not and cannot meet that exacting standard.  *See Vento*,

714 F. Supp. 2d at 154.  To be clear, the mere selection of facts or preparation of factual analyses

in support of a recommendation does not immunize those facts and analyses from discovery

under the deliberative process privilege; otherwise, "every factual report would be protected as a

part of the deliberative process." *Playboy Enters., Inc. v. Dep't of Justice*, 677 F.2d 931, 935 (D.C. Cir. 1982).  Indeed, the privilege does not even "shield the reasoning behind a final governmental decision," such as DOJ's final decisions to approve the prior mergers.  *United States v. Motorola, Inc.*, No. Civ.A.94-2331TFH/JMF, 1999 WL 552558, at *2 (D.D.C. May 27, 1999) (ordering Rule 30(b)(6) deposition of Antitrust Division attorney in litigation relating to section 7 merger decree); *see Motorola,* at *1 ("When a decision by a government agency affects entire segments of the economy and there is grounds for inquiry into the knowledge that agency had when it made the decision, the case for disclosure is always stronger than the case for secrecy . . . ."); *Leggett*, 542 F.2d at 659.

In any event, even if the requested factual materials and information were somehow covered by the deliberative process privilege, the privilege can be overcome by a sufficient showing of need.  *See In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997); *cf. Stonehill v. IRS*, 558 F.3d 534, 538 (D.C. Cir. 2009) (recognizing that questions of relevance and need in particular cases guide discovery of deliberative materials in litigation).  Defendants need this material to defend against this suit that Plaintiffs initiated.  Moreover, Defendants will be at a significant disadvantage if Plaintiffs can avoid responding, because there is no other source from which Defendants can obtain the final versions of DOJ-generated consumer-benefit studies, data analyses, and other factual models and forecasts on which DOJ relied in making its final decisions to approve the prior airline mergers, while Plaintiffs have this information and can use the facts to develop their expert testimony and case strategy.

## B.     The Attorney Work-Product Doctrine Does Not Apply.

Nor does the work-product doctrine immunize the requested materials from discovery. The work-product doctrine is intended to protect attorneys' legal strategies, thoughts, and mental

impressions developed in anticipation of litigation. *Hickman v. Taylor*, 329 U.S. 495, 504-08

(1947).  It does not protect relevant facts from discovery. *See id.* at 507 ("Mutual knowledge of

all the relevant facts gathered by both parties is essential to proper litigation."); *see also*

*Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995) (work-product doctrine

does not protect from discovery "facts contained within work-product" documents).  While

work-product protection may extend to the factual portions of a document that an attorney

labored to prepare, it does not provide the same degree of protection for separate documents, not

prepared by an attorney, that reflect purely factual information or analysis. *See* Fed. R. Civ. P.

26(b)(3)(B) (core of this doctrine is the protection of an attorney's "mental impressions,

conclusions, opinions, or legal theories . . . concerning the litigation").[1]

Defendants do not seek discovery of DOJ's assessments of legal positions or other

preparations for litigation, but only the final versions of economic models, studies, forecasts, and

similar *factual* analyses.  Those factual materials are not placed beyond discovery by the work-

product doctrine.  In particular, Plaintiffs cannot withhold the requested documents on the

ground that they constitute the opinions of consulting experts prepared at the request of counsel

within the meaning of Rule 26(b)(4)(D).  Rather, these documents represent the factual record on

which a final agency decision was based, and Rule 26 may not be used in subsequent litigation as

a device to exclude these relevant factual materials from the universe of discoverable evidence.

*See Motorola*, 1999 WL 552558, at *1-*2 (permitting litigant to take discovery of the reasoning

behind a prior enforcement decision of the Antitrust Division).

In any event, like the deliberative privilege, the work-product doctrine provides only

qualified protection of material within its scope. *See United States v. Deloitte LLP*, 610 F.3d

---

[1]  Furthermore, work-product protection only extends to "documents and tangible things" under Rule 26(b)(3), and Defendants' Interrogatory 2 seeks factual information, not documents.

129, 135 (D.C. Cir. 2010); Fed. R. Civ. P. 26(b)(3)(A)(ii) (permitting discovery of attorney work product based on showing of substantial need in litigation and undue hardship if forced to obtain by other means); *see also* Fed. R. Civ. P. 26(b)(4)(D)(ii) (permitting discovery of consulting expert opinions upon showing of exceptional circumstances making it impracticable to obtain the relevant facts or opinions by other means).  Here again, Defendants have a strong need for the requested factual materials and cannot obtain this relevant evidence from any source other than DOJ records.

       **C.**    **No Other Privilege Claims Are Valid.**

       Plaintiffs recited a litany of other privilege claims (*see* Ex. A at 0023-0033; Ex. B at 0043-0044), but these assertions also fail.  Attorney-client privilege has no relevance here because Defendants' requests do not seek confidential attorney advice.  *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 862-63 (D.C. Cir. 1980).  Moreover, for federal agencies the attorney-client privilege is simply a component of the deliberative process privilege, discussed above.  Plaintiffs also cite a law enforcement investigatory privilege, but that privilege does not shield factual information developed in prior closed investigations when the information is relevant to issues raised in litigation initiated by DOJ and its disclosure will not jeopardize any ongoing law enforcement matter.  *See In re Sealed Case*, 856 F.2d 268, 271-72 (D.C. Cir. 1988); *see also In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565, 569-70 (5th Cir. 2006).  Lastly, Plaintiffs invoke two statutes that provide for confidential treatment of materials secured from private parties through civil investigative demands.  *See* 15 U.S.C. §§ 18a(h), 1313(c).  However, section 18a(h) does not prevent disclosure of material "relevant to any . . . judicial action or proceeding," *id.* § 18a(h), and Plaintiffs have not established that section 1313(c) applies to any of the internal DOJ-generated factual materials and information sought here.

**D.      Plaintiffs Waived Any Privilege That Might Exist**

Even if any privilege existed, DOJ would have waived its right to claim privilege by

making multiple disclosures inconsistent with the maintenance of confidentiality.  DOJ not only

issued public closing statements about the prior mergers, but permitted its economists to publish

an article describing why DOJ approved those mergers and disclosing the economic analyses and

methodology supporting those approvals.  DOJ cannot have it both ways, selectively disclosing

information about confidential materials and then asserting privilege over those same materials

for tactical advantage in litigation.  *See In re Subpoenas Duces Tecum*, 738 F.2d 1367, 1370

(D.C. Cir. 1984).  DOJ's prior disclosures are inconsistent with the maintenance of

confidentiality, and thus effect a waiver of any privilege or work-product protection that could

apply.

<u>Conclusion</u>

For the foregoing reasons, Defendants respectfully request an order compelling Plaintiffs

to respond to Defendants' RFPs 15 through 20 and Interrogatory 2.

Dated:  September 20, 2013                    Respectfully submitted,

/s/ Richard G. Parker

Richard G. Parker (DC Bar #327544)
Henry Thumann (DC Bar #474499)
Courtney Dyer (DC Bar #490805)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
(202) 383-5300 (Phone)
(202) 383-5414 (Facsimile)
rparker@omm.com
hthumann@omm.com
cdyer@omm.com

Kenneth R. O'Rourke (Admitted Pro Hac Vice)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
(213) 430-6000 (Phone)
(213) 430-6407 (Facsimile)
korourke@omm.com

Paul T. Denis (DC Bar #437040)
Steven G. Bradbury (DC Bar #416430)
DECHERT LLP
1900 K Street, N.W.
Washington, DC 20006
(202) 261-3300 (Phone)
(202) 261-3333 (Facsimile)
paul.denis@dechert.com
steven.bradbury@dechert.com

Charles F. Rule (DC Bar #370818)
CADWALADER, WICKERSHAM
& TAFT LLP
700 Sixth Street, N.W.
Washington, DC 20001
(202) 862-2200 (Phone)
(202) 862-2400 (Facsimile)
rick.rule@cwt.com

***Attorneys for Defendant***
***US Airways Group, Inc.***

/s/ John M. Majoras
John M. Majoras (DC Bar #474267)
Paula Render (Pro Hac pending)
Michael S. Fried (DC Bar #458357)
Rosanna K. McCalips (DC Bar #482859)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
(202) 879-3939 (Phone)
(202) 626-1700 (Facsimile)
jmmajoras@jonesday.com
prender@joensday.com
msfried@jonesday.com
rkmccalips@jonesday.com

Mary Jean Moltenbrey (DC Bar #481127)
PAUL HASTINGS LLP
875 15th Street, NW
Washington, DC 20005
(202) 551-1725 (Phone)
(202) 551- 0225 (Facsimile)
mjmoltenbrey@paulhastings.com

***Attorneys for Defendant***
***AMR Corporation***

## CERTIFICATE OF SERVICE

I certify that I caused a true and correct copy of the attached DEFENDANTS' MOTION

TO COMPEL PRODUCTION OF FACTUAL MATERIALS AND INFORMATION

REGARDING DOJ'S APPROVALS OF FOUR PRIOR AIRLINE MERGERS to be served via

electronic mail in accordance with the Scheduling and Case Management Order on the

following:

Ryan Danks, Esq.
Kate Mitchell-Tombras, Esq.
Patrick Hallagan, Esq.
Department of Justice Antitrust Division
Transportation, Energy, and Agricultural Section
450 5th Street Northwest, Suite 8000
Washington, DC 20530
ryan.danks@usdoj.gov
katharine.mitchell@usdoj.gov
f.patrick.hallagan@usdoj.gov

Mark Levy, Esq.
Assistant Attorney General
Office of the Attorney General of TX
300 W. 15th Street, 7th Floor
Austin, TX 78701
mark.levy@texasattorneygeneral.gov

John M. Majoras, Esq.
Rosanna K. McCalips, Esq.
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
(202) 879-3939 (Phone)
(202) 626-1700 (Facsimile)
jmmajoras@jonesday.com
rkmccalips@jonesday.com

Dated:  September 20, 2013                    _____
                                                  /s/  Robert M. Swerdlow
                                                  Robert M. Swerdlow