# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>    *Plaintiffs*,<br><br>    *v.*<br><br>US AIRWAYS GROUP, INC. and AMR CORPORATION,<br><br>    *Defendants*, | Case No. 1:13-cv-01236-CKK<br>(Before Special Master Levie) |

**DEFENDANTS' MOTION TO COMPEL PRODUCTION OF**
**RELEVANT FACTS OBTAINED FROM THIRD-PARTY INTERVIEWS**

Defendants move for an order compelling Plaintiffs to respond to Interrogatory 1 of Defendants' First Set of Interrogatories.

**Argument**

Plaintiffs investigated the challenged merger for many months before filing suit, interviewing third parties and gathering information they believe justifies their attempt to block the merger. Defendants' Interrogatory 1 requests the identities of the third parties who Plaintiffs interviewed and the factual information those witnesses disclosed.

Eager to hold back the information they learned, Plaintiffs have objected to answering Interrogatory 1. (Declaration of Steven Bradbury, ¶ 2, Ex. A.) Even though the interrogatory seeks only routine pretrial discovery of facts—not interview memoranda, attorney notes, or other work product—Plaintiffs claim that any response would somehow reveal their attorneys' mental impressions and legal theories, and that the information is covered by the law enforcement investigatory privilege. (*Id.*) Not so.

The Department of Justice ("DOJ") has tried this tactic before. It has made similar objections to similar interrogatories in similar antitrust cases—and has lost each time. *See United States v. Dean Foods Co.*, No. 10-CV-59, 2010 WL 3980185, at *3 (E.D. Wis. Oct. 8, 2010) (granting identical motion to compel and ordering DOJ and several plaintiff States to produce factual information learned from third-party interviews in pre-litigation investigation of challenged merger); *United States v. AMR Corp.*, No. 99-1180-JTM, 2001 WL 303048, at *3-*6 (D. Kan. Feb. 7, 2000) (ordering DOJ to disclose facts collected by Antitrust Division attorneys in third-party investigatory interviews); *United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 155 (D. Del. 1999) (rejecting as "against the overwhelming weight of authority" DOJ's assertion that facts learned from third-party investigatory interviews in alleged monopolization case were not discoverable).

The same result follows here. In preparing their case, Plaintiffs had the advantage of months of pre-filing investigation, including conducting numerous third-party interviews. Having chosen to file suit, Plaintiffs cannot now withhold the relevant facts they learned from those third-parties. Absent an order directing Plaintiffs to answer Interrogatory 1 in full, those facts—some of which may undercut Plaintiffs claims and support the merger—will remain locked away in Plaintiffs' files, a result directly at odds with the fundamental purpose of civil discovery. Plaintiffs' objections should be overruled, just as they have been in previous cases.

**I.   The Requested Facts Are Not Work Product.**

The work-product doctrine does not relieve Plaintiffs of their obligation to disclose all relevant facts in their possession. While an attorney's notes and interview memoranda may be work product, the underlying facts are not: "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

Following *Hickman*, courts have "consistently held that the work-product concept furnished no shield against discovery, by interrogatories . . . , of the facts that the adverse party's lawyer has learned, or the persons from whom he or she learned such facts." 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2023 (3d ed. 2010); *see also* 6 James W. Moore, et al., *Moore's Federal Practice* § 26.70[2][a] (3d ed. 2009) ("facts are not protected from disclosure by virtue of having been gathered by an attorney") (citing cases); Fed. R. Civ. P. 26(b)(3), Advisory Committee Notes (1970) ("[O]ne party may discover relevant facts known or available to the other party, even though such facts are contained in a document which is not itself discoverable.").

Accordingly, the attorney work-product doctrine does not protect the identities of third parties interviewed by the opposing party's attorney or the relevant facts obtained through those interviews. *See Dean Foods*, 2010 WL 3980185 at *3; *Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 624-37 (N.D. Okla. 2009); *EEOC v. Jewel Food Stores, Inc.*, 231 F.R.D. 343, 346 (N.D. Ill. 2005); *AMR Corp.*, 2001 WL 303048 at *3-*6; *Dentsply*, 187 F.R.D. at 155; *Eopollo v. Nat'l R.R. Passenger Corp.*, 108 F.R.D. 292, 294 (E.D. Pa. 1985).

**II.   The Law Enforcement Privilege Does Not Apply.**

The law enforcement privilege protects "on-going civil and criminal investigations." *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988). It does not immunize facts obtained during an investigation that led to civil litigation. Like any other litigant, when the government files suit, all relevant facts in its possession are discoverable.

## Conclusion

Defendants respectfully request that Plaintiffs be ordered to answer Interrogatory 1 in full.

3

Dated:  September 24, 2013           Respectfully submitted,

/s/ Richard G. Parker

Richard G. Parker (DC Bar #327544)
Henry Thumann (DC Bar #474499)
Courtney Dyer (DC Bar #490805)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
(202) 383-5300 (Phone)
(202) 383-5414 (Facsimile)
rparker@omm.com
hthumann@omm.com
cdyer@omm.com

Kenneth R. O'Rourke (Admitted Pro Hac Vice)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
(213) 430-6000 (Phone)
(213) 430-6407 (Facsimile)
korourke@omm.com

Paul T. Denis (DC Bar #437040)
Steven G. Bradbury (DC Bar #416430)
DECHERT LLP
1900 K Street, N.W.
Washington, DC 20006
(202) 261-3300 (Phone)
(202) 261-3333 (Facsimile)
paul.denis@dechert.com
steven.bradbury@dechert.com

Charles F. Rule (DC Bar #370818)
CADWALADER, WICKERSHAM
& TAFT LLP
700 Sixth Street, N.W.
Washington, DC 20001
(202) 862-2200 (Phone)
(202) 862-2400 (Facsimile)
rick.rule@cwt.com

*Attorneys for Defendant*
*US Airways Group, Inc.*

/s/ John M. Majoras
John M. Majoras (DC Bar #474267)
Paula Render (Admitted Pro Hac Vice)
Michael S. Fried (DC Bar #458357)
Rosanna K. McCalips (DC Bar #482859)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
(202) 879-3939 (Phone)
(202) 626-1700 (Facsimile)
jmmajoras@jonesday.com
prender@joensday.com
msfried@jonesday.com
rkmccalips@jonesday.com

Mary Jean Moltenbrey (DC Bar #481127)
PAUL HASTINGS LLP
875 15th Street, NW
Washington, DC 20005
(202) 551-1725 (Phone)
(202) 551- 0225 (Facsimile)
mjmoltenbrey@paulhastings.com

***Attorneys for Defendant***
***AMR Corporation***