# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>                                *Plaintiffs*,<br><br>                        *v.*<br><br>US AIRWAYS GROUP, INC. and AMR CORPORATION,<br><br>                                *Defendants*, | Case No. 1:13-cv-01236-CKK<br>(Before Special Master Levie) |

## SECOND DECLARATION OF STEVEN G. BRADBURY

I, Steven G. Bradbury, being over the age of 18, do hereby declare as follows:

1. I am a partner in the law firm Dechert LLP and a counsel of record for Defendant US Airways Group, Inc., in this action. I submit this Declaration in support of Defendants' Motion to Compel Production of Relevant Facts Obtained from Third-Party Interviews.

2. Plaintiffs investigated the antitrust implications of Defendants' merger for many months before filing their Complaint in this action. Based on information available to Defendants, Defendants have reason to believe that as part of their investigation, Plaintiffs conducted numerous interviews of third parties regarding the likely effects of the merger, and Plaintiffs maintain in their files memoranda memorializing the factual information learned in those third-party interviews.

3. On August 30, 2013, Defendants served their First Set of Interrogatories Directed to All Plaintiffs, Interrogatory 1 of which states:

> 1. Identify each Person interviewed by the Plaintiffs (either together or independently) pursuant to the Investigation of the challenged Transaction and provide all factual information obtained from

> these individuals and entities through such interviews that is relevant to Plaintiffs' claims in this case.

4. On September 19, 2013, Plaintiffs served their Objections and Responses to Defendants' First Set of Interrogatories. Attached to this Declaration as Exhibit A is a true and correct copy of the relevant pages from Plaintiffs' Objections and Responses addressing Defendants' Interrogatory 1. Plaintiffs have objected to Interrogatory 1 on grounds that the identities of interviewees and all facts gained from the interviews are protected attorney work product and that any response would reveal attorneys' mental impressions, conclusions, opinions, and legal theories. Plaintiffs have also asserted that Interrogatory 1 requests information covered by the law enforcement investigatory privilege. Plaintiffs have refused to respond to Interrogatory 1 beyond referring Defendants to Plaintiffs' Initial Disclosures and Plaintiffs' general production of documents and information relevant to their investigation of the challenged merger. *See* Ex. A at 4-5.

5. As required by Local Civil Rule 7(m), Defendants have met and conferred with Plaintiffs regarding the substance of their objections to Interrogatory 1, but the parties have been unable to resolve this discovery dispute.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 23rd day of September 2013.

Washington, D.C.

_____
Steven G. Bradbury

# Ex. A

CONFIDENTIAL (PURSUANT TO PROTECTIVE ORDER)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>US AIRWAYS GROUP, INC.<br><br>and<br><br>AMR CORPORATION<br><br>*Defendants*. | Case No. 1:13-cv-01236 (CKK) |

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS'
FIRST SET OF INTERROGATORIES DIRECTED TO ALL PLAINTIFFS**

Pursuant to Fed. R. Civ. P. 33 and the Local Rules of the United States District Court for the District of Columbia, Plaintiffs object and respond to Defendants' First Set of Interrogatories Directed to All Plaintiffs.

**PRELIMINARY STATEMENT**

The responses to these interrogatories include information that Plaintiffs obtained from Defendants that is subject to the Protective Order and that is designated Confidential. Therefore, Plaintiffs designate their response to Interrogatory 3 below as Confidential, in accordance with the Protective Order.

**GENERAL OBJECTIONS**

Plaintiffs object generally to Defendants' First Set of Interrogatories to the extent that they attempt to impose any obligation on Plaintiffs greater than those imposed or authorized by

the Federal Rules of Civil Procedure, the Local Civil Rules of the District of Columbia, or any applicable order of the Court.

Plaintiffs object generally to Defendants' First Set of Interrogatories to the extent they seek information protected from discovery and disclosure by the attorney-client privilege, deliberative-process privilege, work-product doctrine, law-enforcement investigative privilege, common-interest privilege, or any other applicable privilege or doctrine.  Should any disclosure by Plaintiffs of information protected from discovery occur, it shall not constitute a waiver of any privilege applicable to any other information.

Plaintiffs object generally to Defendants' First Set of Interrogatories to the extent they prematurely seek production of information relating to the anticipated testimony of any of Plaintiffs' potential expert witnesses. Plaintiffs will produce such information in accordance with the Case Management Order.

Plaintiffs' object generally to Defendants' First Set of Interrogatories to the extent that they call for Plaintiffs to specify each document, deposition, or other fact or piece of evidence that supports particular contentions that Plaintiffs intend to prove at trial. Such a requirement is overly broad, unduly burdensome, and premature.  In that regard, Plaintiffs note that, to the extent a reference is made to documents, depositions, or other evidence in its responses, such reference is made without waiver of this general objection and is not intended to provide an exhaustive list of all evidence that Plaintiffs may ultimately introduce at trial.  Plaintiffs will serve their witness and exhibit lists within the time prescribed by the Scheduling Order or other time prescribed by the Court.

Plaintiffs object generally to Defendants First Set of Interrogatories to the extent that they request information that is not in the possession, custody, or control of the Antitrust Division of

2

U.S. v. US Airways et al.
No. 1:13-cv-01236 (CKK)

the Department of Justice, or information from units, departments, divisions, or sections of the offices of the Plaintiff State Attorneys General other than those with antitrust enforcement responsibilities. Plaintiffs have no reason to believe that relevant responsive information is likely found outside these offices and believe that a search for such information would be unduly burdensome.

Plaintiffs object generally to the Instructions included in Defendants' First Set of Interrogatories to the extent they impose burdens beyond those required by the Federal Rules of Civil Procedure or applicable court order. In particular, Plaintiffs object to the Instructions to the extent that they attempt to impose obligations for claiming a privilege or protecting trial-preparation materials that are greater than those set forth in Federal Rule of Civil Procedure 26(b)(5), or purport to require individualized logging in a privilege log of voluminous privileged documents that can be described categorically, such as the Antitrust Division's internal privileged documents that have not been disclosed to persons outside the Antitrust Division of the Department of Justice. Individual logging of such documents in a privilege log is unduly burdensome and exceeds the obligation imposed by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26(b)(5)(ii).

Plaintiffs object generally to the term "Previously Cleared Mergers" to the extent it assumes that any of the Plaintiffs "cleared" the four consummated mergers listed.

Plaintiffs object generally to Instruction No. 5 to the extent that it attempts to impose obligations beyond those imposed or authorized by Federal Rules of Civil Procedure 26 and 33.

3

U.S. v. US Airways et al.
No. 1:13-cv-01236 (CKK)

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**1. Identify each Person interviewed by the Plaintiffs (either together or independently) pursuant to the Investigation of the challenged Transaction and provide all factual information obtained from these individuals and entities through such interviews that is relevant to Plaintiffs' claims in this case.**

**Specific Objections**

Plaintiffs object to this interrogatory to the extent that it attempts to impose obligations for supplementing an interrogatory response that are greater than those set forth in Federal Rule of Civil Procedure 26(e)(1).

Plaintiffs further object to this interrogatory because it requests protected attorney work product prepared in anticipation of litigation, and production of protected attorney work product that conveys attorneys' mental impressions, conclusions, opinions, and legal theories concerning this litigation.

Plaintiffs further object to this interrogatory because it requires Plaintiffs to identify those individuals and entities that it selected to interview during the course of its investigation and in preparation for this litigation, and the topics of interest to Plaintiffs. This information is itself protected attorney work product.

Plaintiffs further object to this interrogatory because it requests information protected by the law enforcement investigatory privilege.

**Response**

Subject to and without waiving the foregoing objections, Plaintiffs respond that they have produced to Defendants all documents and information relevant to their Investigation into the challenged Transaction in the Antitrust Division's and State Attorney Generals' possession, custody, and control that is not subject to an applicable privilege or doctrine, or otherwise exempt from production, including extensive Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)

4

that identify persons likely to have discoverable information that Plaintiffs' may use to support their claims.

2.  **Provide all of the factual information that each of the Plaintiffs relied upon in making a decision not to challenge under the antitrust laws each of the Previously Cleared Mergers.**

**Specific Objections**

Plaintiffs object to this interrogatory as containing discrete subparts constituting four separate interrogatories because the interrogatory seeks separate answers for "each of the Previously Cleared Mergers," which is defined by the Interrogatory to include the 2005 merger of US Airways and America West, the 2008 merger of Delta and Northwest Airlines, the 2010 merger of United and Continental, and the 2011 merger of Southwest Airlines and AirTran.

Plaintiffs object to this interrogatory because it purports to seek information that is neither relevant to the subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs' exercise of prosecutorial discretion in prior investigations—including, in several instances, Plaintiff States' lack of any investigation—bears no relevance to the question of whether the merger between US Airways and American substantially lessens competition.

Plaintiffs also object to this interrogatory because it purports to seek information that is protected by the attorney work-product doctrine, attorney-client privilege, the law enforcement investigatory files privilege, or the deliberative process privilege, in conjunction with the joint prosecution privilege.

Plaintiffs also object to this interrogatory because it purports to seek information that is protected from disclosure by federal and state statutes.  *See, e.g.*, 15 U.S.C. § 1313(c); 15 U.S.C. § 18a(h); *United States v. Am. Tel. & Tel. Co.*, 86 F.R.D. 603, 647-48 (D.D.C. 1979).

5

U.S. v. US Airways et al.
No. 1:13-cv-01236 (CKK)