# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | ) |
| | ) Civil Action No. 13-1236-CKK |
| Plaintiffs, | ) (Before Special Master Levie) |
| | ) |
| v. | ) |
| | ) |
| US AIRWAYS GROUP, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF INTERVIEW-RELATED WORK PRODUCT**

Defendants do not dispute that notes and memoranda prepared during Plaintiffs' investigations of the proposed merger are protected from discovery under the work-product doctrine. Mot. at 2. Nonetheless, Defendants argue that they are entitled to the identities of the third-parties interviewed by Plaintiffs and the facts that Plaintiffs' attorneys chose to ask about and memorialize from those interviews. This argument is foreclosed by Supreme Court and Circuit precedent and has been directly rejected in recent antitrust enforcement actions, which Defendants fail to address.

The Supreme Court has held that an interrogatory constituting a "naked, general demand" for all facts learned in non-party interviews—the very interrogatory Defendants propound here—necessarily reveal the opinions and mental processes of counsel, and therefore is improper. *Hickman v. Taylor*, 329 U.S. 495, 510-13 (1947). *Hickman*, and later *Upjohn Co. v. United States*, 449 U.S. 383, 401 (1981), made clear that facts memorialized by attorneys during interviews of potential witnesses are protected work-

1

product. "No legitimate purpose is served" by "forcing an attorney to repeat or write out all that witnesses have told him and to deliver the account to his adversary." *Hickman*, 329 U.S. at 512-13; *see also Upjohn*, 449 U.S. at 401 (disclosing material from interview memoranda necessarily "reveal[s] the attorneys' mental processes in evaluating the [information]"). Such "mental impressions" are "often described as opinion work product," and are "virtually undiscoverable'" *United States v. Deloitte LLP*, 610 F.3d 129, 135 (D.C. Cir. 2010).

Recognizing that "the Supreme Court [has] held that work product immunity extended to oral statements made by witnesses to attorneys 'whether presently in the form of mental impressions or memoranda,'" the D.C. Circuit has also held that parties cannot request facts contained in witness interview notes and memoranda instead of the notes or memoranda themselves. *In re Sealed Case*, 856 F.2d 268, 273 (D.C. Cir. 1988) (citations omitted).[1]

Other courts have also rejected attempts to obtain protected information through interrogatories as making "distinction[s] without a difference." *S.E.C. v. Sentinel Mgmt. Group, Inc.*, 2010 WL 4977220, at *7 (N.D. Ill. Dec. 2, 2010); *see also F.T.C. v. Hope Now Modifications, LLC*, 2011 WL 2634029, at *5 (D.N.J. July 5, 2011); *Norwood v. F.A.A.,* 993 F.2d 570, 576 (6th Cir. 1993).

---

[1] It is well-settled in this Circuit that factual information contained in otherwise protected work product is shielded from discovery. *See, e.g.*, *Judicial Watch, Inc. v. D.O.J.*, 432 F.3d 366, 371 (D.C. Cir. 2005) ("The circuit's case law is clear that '[t]he work-product doctrine simply does not distinguish between factual and deliberative material' . . . . In other words, factual material is itself privileged when it appears within documents that are attorney work product.") (citation omitted); *Tax Analysts v. I.R.S.*, 117 F.3d 607, 620 (D.C. Cir. 1997) (same).

2

Notably, courts have rejected this identical tactic in other antitrust enforcement actions, including the two most recent cases raising the issue. *See* Ex. A (*Apple* Orders) at 2; Ex. B (*Blue Cross* Order) at 5; Ex. C (*Visa USA* Order) at 1. Defendants do not address these cases and incorrectly assert that no court has upheld the Antitrust Division's objections to similar discovery requests.[2]

"As the work product sought here is based on oral statements from witnesses, a far stronger showing is required than the 'substantial need' and 'without undue hardship' standard applicable to discovery of work-product protected documents and other tangible things." *In re Sealed Case*, 856 F.2d at 273. Even if—contrary to controlling case law—Plaintiffs' attorneys' mental impressions were merely fact work product, Defendants have not met their burden showing that they are entitled to the requested material. Defendants cannot make such a showing because Plaintiffs have provided Defendants the names of individuals likely to have discoverable information and all non-party documents and data received during Plaintiffs' investigations. Thus, Defendants are well-positioned to obtain the information they are seeking without free-riding off Plaintiffs' work-product. *See* Ex. B (*Blue Cross* Order) at 6.

Finally, the work-product doctrine precludes Defendants from obtaining a list of people interviewed during Plaintiffs' investigation. *See Chiperas v. Rubin*, 1998 WL 531845, at *1 (D.D.C. Aug. 24, 1998); *Tracy v. NVR, Inc.*, 250 F.R.D. 130, 132-33 (W.D.N.Y. 2008) (collecting cases).

---

[2] The courts in *Apple*, *Blue Cross*, *Sentinel Mgmt.*, and *Hope Now* concluded, either explicitly or implicitly, that case law cited by Defendants is contrary to the Supreme Court's decisions in *Hickman* and *Upjohn*.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to compel should be denied.

Respectfully submitted,

FOR THE PLAINTIFFS

/s
Mark W. Ryan
F. Patrick Hallagan
Juan A. Arteaga
Ryan Danks
United States Department of Justice
Antitrust Division
450 Fifth Street Northwest, Suite 8100
Washington, DC 20530
phone: 202-305-0128
e-mail: ryan.danks@usdoj.gov