**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                                    )
UNITED STATES OF AMERICA, et al.,            )
                                                                    )
        Plaintiffs,                                       )
                                                                    )
                                                                    )  Civil Action No. 13-1236-CKK
        v.                                                      )
                                                                    )
US AIRWAYS GROUP, INC., et al.,                 )
                                                                    )
        Defendants.                                     )
_____)

### PLAINTIFFS' STATEMENT IN OPPOSITION TO TRANSPORT WORKERS UNION'S MOTION TO INTERVENE

By Minute Order dated October 7, 2013, the Court asked the parties to submit a brief statement of position with respect to the motion by The Transport Workers Union of America AFL-CIO ("TWU") to intervene as a party defendant in this litigation. Plaintiffs respectfully submit this statement in opposition to the TWU motion.

The TWU motion fails to meet the standards for intervention as of right as set forth in Federal Rule of Civil Procedure 24(a). Despite closely monitoring this action since its inception and participating in an *amicus* brief at an earlier stage urging the Court to resolve this action on an expedited schedule, the TWU has waited until the eve of the close of fact discovery and only six weeks before the start of trial to file its request for intervention. This request is untimely. *See, e.g., United States v. British Am. Tobacco Australia Servs., Ltd.*, 437 F.3d 1235, 1238-39 (D.C. Cir. 2006) (affirming denial of untimely motion for intervention).

Moreover, the TWU's interest in seeing the merger between US Airways and American Airlines completed is adequately protected by the current defendants. *See, e.g., Jones v. Prince George's County*, 348 F.3d 1014, 1019-20 (D.C. Cir. 2003) (would-be intervenor's interests

"perfectly congruent" with and adequately represented by the existing plaintiff; "quibbles over litigation tactics" and trial strategy do not make the litigating party an inadequate representative). Defendants are well represented and are vigorously defending this action. In fact, they have made the supposed benefits that the proposed merger will confer upon the employees of the "new" American Airlines a central focus of their legal and public relations defense of the merger, and they have listed the president of another union as a likely witness at trial.[1]

Finally, the TWU concedes that it "does not have an independent cause of action or defense to plead" in this action. Am. Mot. at 2. While the absence of such an independent cause of action or defense alone does not bar intervention, it certainly supports the denial of the TWU's attempt to intervene at this late stage of the action. *See, e.g., United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 840 (8th Cir. 2009) ("Judicial efficiency is not promoted by allowing intervention by a party with no interest upon which it could seek judicial relief in a separate lawsuit."); *Southern Christian Leadership Conference v. Kelley*, 747 F.2d 777, 779 (D.C. Cir. 1984) (Rule 24(a) "impliedly refers not to *any* interest the applicant can put forward, but only to a legally protectable one"); *see also Am. Horse Protection Ass'n, Inc. v. Veneman*, 200 F.R.D. 153, 157 (D.D.C. 2001) (when assessing the adequacy of an intervenor's claimed interest, courts should "place primary emphasis" on the other relevant factors, including whether the interest is already being sufficiently represented by an existing party).

---

[1] *See* Press release from AMR Corporation and U.S. Airways Group entitled "Companies Will Mount Vigorous and Strong Defense of Merger; Combined Airline Will Offer Benefits to Consumers, Communities and Employees," Aug. 13, 2013 ("Employees of the combined airline will benefit from being part of a company with a more competitive and strong financial foundation . . . . The merger will also provide a path to improved compensation and benefits for employees."); US Airways' Ans. (Docket No. 79) at 4 ("Blocking the merger will not sharpen competition – it will prolong this cycle of crisis to the detriment of passengers, the employees of American and U.S. Airways, and the communities the airlines serve."); American Airlines' Ans. (Docket No. 80) at 2 ("The merger would also . . . welcome job stability for many thousands of airline employees who have been among the victims of this industry's tumultuous past.").

For these reasons and others that would be more fully explained if the Court requested full briefing, Plaintiffs respectfully oppose the TWU's motion to intervene.

Respectfully submitted,

FOR THE PLAINTIFFS

/ s/
Mark W. Ryan
Juan A. Arteaga
Ryan Danks
United States Department of Justice
Antitrust Division
450 Fifth Street Northwest, Suite 8100
Washington, DC 20530
phone:  202-532-4753
e-mail:  mark.w.ryan@usdoj.gov