**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| *Plaintiffs*, | |
| *v.* | Case No. 1:13-cv-01236-CKK |
| US AIRWAYS GROUP, INC. and AMR CORPORATION, | |
| *Defendants*, | |

**DEFENDANTS' RESPONSE TO AMENDED MOTION OF
TRANSPORT WORKERS UNION TO INTERVENE**

Pursuant to the Court's October 7, 2013 Minute Order, Defendants US Airways Group, Inc. and AMR Corporation (together, the "Airlines") respectfully submit this response to the Amended Motion of the Transport Workers Union of America AFL-CIO ("TWU") to Intervene as of Right or, Alternatively, to Appear as *Amicus Curiae* (Dkt. 98) ("Am. Mot."). The Airlines greatly value the interests of TWU's members and support TWU's participation in this case as *amicus curiae*. There is no need for TWU to intervene, however, because the interests of TWU and its members in this case are fully aligned with – and thus adequately represented by – the Airlines. TWU's motion to intervene should thus be denied.[1]

A party may intervene as of right under Rule 24(a)(2) only if: (1) the motion to intervene is timely; (2) the party claims a legally cognizable interest relating to the property or transaction which is the subject of the action; (3) the action's disposition might otherwise impair or impede

---

[1] The Airlines take no position as to "whether the failure to file a pleading with a motion to intervene constitutes a defect," Am. Mot. at 2, except to note that TWU's inability to plead "an independent cause of action or defense," *id.*, is further evidence that TWU should participate in this action, if at all, as *amicus curiae*.

the party's ability to protect that interest; and (4) the party's interest is not adequately represented by existing parties.  *See In re Endangered Species Act Section 4 Deadline Litig.*, 270 F.R.D. 1, 4 (D.D.C. 2010).  Even assuming TWU satisfies its burden with respect to the first three of these requirements, it does not satisfy the fourth.

TWU's Amended Motion to Intervene explains why it is in the interest of all TWU workers to have this merger approved – and that interest is fully aligned with the Airlines' interest.  While the Airlines appreciate TWU's desire to convey to the Court all the reasons the proposed merger is procompetitive and consistent with the antitrust laws, the Airlines are making precisely these same points.  *Compare* Mem. in Supp. of Am. Mot. ("Mem.") at 6 ("without the merger, the stand-alone American Airlines will find it more difficult to compete effectively against its much larger rivals, new Delta and new United"), *with* AMR Corp.'s Answer (Dkt. 80) at 1 ("This transaction would create a third comprehensive, global network carrier . . . fully capable of competing with the two that exist today [Delta and United] . . .") *and* US Airways Group, Inc.'s Answer (Dkt. 79) at 3.  TWU's ultimate goal is the same as the Airlines', and its arguments for that end result are the same as those urged by the Airlines.[2]  *See Building & Constr. Trades Dep't, AFL-CIO, v. Reich*, 40 F.3d 1275, 1282 (D.C. Cir. 1994) (affirming denial of motion to intervene where the movant "offered no argument not also pressed by" the defendant); *Schoenman v. FBI*, 263 F.R.D. 23, 25 (D.D.C. 2009) (denying motion to intervene because, among other things, the movant's "alleged interest . . . [was] already adequately represented by Plaintiff himself").

---

[2]  The Airlines understand and commend TWU's concern over "the risk to TWU-represented employees" should the merger be blocked.  Mem. at 6.  For the purposes of intervention, however, the motives or rationale for litigating an issue are not relevant; all that matters is whether the ultimate objectives and interests overlap. *See Dairy Maid Dairy v. United States*, 147 F.R.D. 109, 112 (E.D. Va. 1993).

Furthermore, TWU's intervention would complicate the proceedings, potentially jeopardizing the trial schedule that the parties, the Special Master, and the Court are working to implement.  TWU can fully achieve its goal of ensuring that its members' interests are "adequately presented to the Court," Mem. at 10, by participating as *amicus curiae* along with other unions representing the employees of both Airlines.  If TWU is permitted to intervene rather than simply act as *amicus*, these other unions and similar interested parties – all of whom can legitimately claim a deep interest in seeing the merger approved – may also seek to intervene, further complicating the tight trial schedule.

The Court "has broad discretion to permit . . . proposed intervenors to participate as *amici curiae*."  *Dist. of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011).  Exercise of that discretion is particularly appropriate here, since permitting TWU to act as *amicus curiae* together with other interested employee unions would "adequately serve[] the purposes of the desired intervention without unduly delaying or prejudicing the [existing] parties."  *In re Vitamins Antitrust Litig.*, No. 99-0197, 2004 U.S. Dist. LEXIS 31702, at *33 (D.D.C. Nov. 30, 2004) (denying motion to intervene).  In any case, TWU is not entitled to intervene as of right, and its request to do so should be denied.[3]

---

[3] TWU does not seek permissive intervention under Rule 24(b) and could not meet that Rule's requirements in any event.  Under Rule 24(b), "the court may permit anyone to intervene who:  (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."  TWU has no statutory right to intervene and readily acknowledges that it "does not have an independent cause of action or defense to plead."  Am. Mot. at 2.

Dated:  October 8, 2013

Respectfully submitted,

/s/ Richard G. Parker
Richard G. Parker (DC Bar #327544)
Henry Thumann (DC Bar #474499)
Courtney Dyer (DC Bar #490805)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
(202) 383-5300
rparker@omm.com
hthumann@omm.com
cdyer@omm.com

Kenneth R. O'Rourke (admitted pro hac vice)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
(213) 430-6000
korourke@omm.com

Paul T. Denis (DC Bar #437040)
Steven G. Bradbury (DC Bar #416430)
DECHERT LLP
1900 K Street, N.W.
Washington, DC 20006
(202) 261-3300
paul.denis@dechert.com
steven.bradbury@dechert.com

Charles F. Rule (DC Bar #370818)
Andrew Forman (DC Bar #477425)
CADWALADER, WICKERSHAM
& TAFT LLP
700 Sixth Street, N.W.
Washington, DC 20001
(202) 862-2200
rick.rule@cwt.com
andrew.forman@cwt.com

***Attorneys for Defendant***
***US Airways Group, Inc.***

/s/ John M. Majoras
John M. Majoras (DC Bar #474267)
Paula Render (admitted pro hac vice)
Michael S. Fried (DC Bar #458347)
Rosanna K. McCalips (DC Bar #482859)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
(202) 879-3939
jmmajoras@jonesday.com
prender@jonesday.com
msfried@jonesday.com
rkmccalips@jonesday.com

Mary Jean Moltenbrey (DC Bar #481127)
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, DC 20005
(202) 551-1725
mjmoltenbrey@paulhastings.com

***Attorneys for Defendant***
***AMR Corporation***