# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

---

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | Civil Action No. 13-cv-1236 (CKK) |
| v. | ) | (Before Special Master Levie) |
| | ) | |
| US AIRWAYS GROUP, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

## SPECIAL MASTER REPORT AND RECOMMENDATION #2

Pending before the Special Master is Defendants' Motion to Compel Production of Relevant Facts Obtained From Third-Party Interviews. For the reasons that follow, the Special Master recommends that the Court deny this motion.

### I.  Introduction

Defendants are two large "legacy" airlines who announced plans in early 2013 to merge. The Department of Justice ("DOJ"), six state Attorneys General[1], and the District of Columbia filed suit to challenge the merger in August 2013. [Doc. No. 1]. The Court has referred this case to the Special Master for purposes of managing discovery and adjudicating discovery disputes. [Doc. No. 69].

On August 30, 2013, Defendants served their first interrogatories on Plaintiffs. Plaintiffs objected to Defendants' Interrogatory No. 1, after which Defendants submitted the instant

---

[1] The Attorney General for the State of Texas has since reached a settlement agreement on these matters with Defendants and has withdrawn from the litigation. [Doc. No. 95].

motion and accompanying exhibits. Plaintiffs have served an opposition, and Defendants filed a

reply. The Special Master has considered the written arguments, along with those made during

oral argument on September 30, 2013. The matter is now ripe for resolution.

## II.     Arguments of the Parties

Defendants' Interrogatory No. 1 asks Plaintiffs to

> [i]dentify each Person interviewed by the Plaintiffs (either together
> or independently) pursuant to the Investigation of the challenged
> Transaction and provide all factual information obtained from
> these individuals and entities through such interviews that is
> relevant to Plaintiffs' claims in this case.

(Def. Mot. to Compel Production of Factual Materials and Information Regarding DOJ's

Approval of Four Prior Airline Mergers Exh. B at 0042).[2]

Defendants assert that "the interrogatory seeks only routine pretrial discovery of facts –

not interview memoranda, attorney notes, or other work product . . . ." (Mot. at 1) and that the

interrogatory does not seek information protected by the work product doctrine. (Mot. at 1).

According to Defendants, the doctrine "does not protect the identities of third parties interviewed

by the opposing party's attorney or the relevant facts obtained through these interviews." (Mot.

at 3).

Plaintiffs argue that this interrogatory seeks material protected by the work product

doctrine because it seeks information derived from "oral statements from witnesses." [Opp. at 3

(quoting *In re Sealed Case*, 856 F.2d 268, 273 (D.C. Cir. 1988))]. Plaintiffs aver that they have

provided Defendants with "the names of individuals likely to have discoverable information and

all non-party documents and data received during Plaintiffs' investigations." From such

disclosures, Plaintiffs assert that Defendants are in a position independently to discover any facts

---

[2] Defendants' proposed order essentially tracks the wording of the interrogatory.

that Plaintiffs obtained while interviewing third parties. (Opp. at 3). Plaintiffs further contend

that, because they have provided the identities of persons likely to have discoverable material,

the work product doctrine protects them from having to provide Defendants with a list of all

people interviewed during Plaintiffs' investigation of the merger. (Opp. at 3).

### III.   Legal Standard

The work product doctrine protects material "prepared in anticipation of litigation or for

trial" by an attorney or an attorney's agent. [Fed. R. Civ. P. 26(b)(3)(A); *Hickman v. Taylor*, 329

U.S. 495, 510-514 (1947)]. "The purpose of the work-product privilege is to ensure that 'a

lawyer [can] work with a certain degree of privacy, free from unnecessary intrusion by opposing

parties and their counsel,' and to permit attorneys to 'assemble information, sift what [they]

consider[ ] to be relevant from the irrelevant facts, prepare [their] legal theories and plan [their[

strategies[ without undue and needless interference." [*Judicial Watch, Inc. v. U.S. Dep't of

Homeland Security*, 926 F. Supp. 2d 121, 137 (D.D.C. 2013) (quoting *Hickman*, 329 U.S. at 510-

11)].

The party invoking the work product protection, in this case Plaintiffs, bears the burden

of demonstrating with "reasonable certainty" that it applies to the material at issue. [*In re

Subpoena Duces Tecum Issued to Commodity Futures Trading Comm'n,* 439 F.3d 740, 750-51

(D.C. Cir. 2006)].

Two types of work product exist: (1) fact work product and (2) opinion work product.

"To the extent that work product contains relevant, nonprivileged facts, the [work product

doctrine] merely shifts the standard presumption in favor of discovery and requires the party

seeking discovery to show 'adequate reasons' why the work product should be subject to

discovery. However, to the extent that work product reveals the opinions, judgments, and

thought processes of counsel, it receives some higher level of protection, and a party seeking discovery must show extraordinary justification." [*In re Sealed Case*, 676 F.2d 793, 809-10 (D.C. Cir. 1982)].

## IV.   **Discussion**

Defendants contend that the work product doctrine is inapplicable to this matter because the contested interrogatory seeks only "facts," and not a summary of the interview or interview notes. It is true that, on its face, Rule 26(b) protects only "documents and tangible things" generated in preparation for litigation. *Hickman*, however, expressly protects not just tangible information, but an attorney's "mental impressions" and "thoughts." (*Hickman*, 239 U.S. at 511). "Thus, *Hickman* provides work-product protection for intangible work product independent of Rule 26(b)(3)." [*United States v. Deloitte LLP*, 610 F.3d 129, 136 (D.C. Cir. 2010)].[3] Facts that Plaintiffs gleaned from the interview process fall into this category.

Indeed, the information that Defendants refer to as "routine pretrial discovery of facts" was generated by DOJ attorneys, who issued questions to third parties based on the attorneys' beliefs that the particular questions asked were likely to produce information relevant to what has become the instant litigation. The situation is similar to that considered by the D.C. Circuit in *In re Sealed Case*, where the Court rejected a party's efforts to garner information in the form of attorneys' "mental impressions of witness interviews." (856 F.2d at 273). In making that ruling, the D.C. Circuit specifically noted that "[t]he work product doctrine reflects the strong public policy against invading the privacy of an attorney's course of preparation." [*Id.* (citing *Hickman*, 329 U.S. at 510)].

---

[3]    To the extent that Defendants rely on *United States v. Dean Foods Company*, 2010 WL 3980185 at *4 (E.D. Wis. 2010) to support their contention that the material sought is not work product, the Special Master notes that, in *Dean Foods*, the court determined that only a "written and verbatim record" of witnesses statements would qualify as protected work product. By contrast, in this jurisdiction, the D.C. Circuit has expressly held that both recorded and non-recorded recollections of interviews qualifies for such protection. (*See Deloitte,* 610 F.3d at 136).

That the interrogatory at issue in this Motion nominally seeks only "facts" and not such "mental impressions" in this case is a distinction without a difference. "Either way, [Defendants are] asking opposing counsel to produce a document prepared by counsel that divulges what counsel learned from interviewing potential witnesses in anticipation of litigation." [*S.E.C. v. Sentinel Mgmt Group, Inc.*, 2010 WL 4977220 at *7 (N.D. Ill. Dec. 2, 2010)]. As the Court noted in *Sentinel*, one of the purposes of the work product doctrine is "'to limit the circumstances in which attorneys may piggyback on the fact-finding investigation of their more diligent counterparts' " [*Id.* at *7 (citing *Sandra T.E. v. South Berwyn School District 100,* 600 F.3d 612, 622 (7th Cir. 2010)]. It cannot seriously be questioned that the act of interviewing here was undertaken for the purpose of gathering facts and information in connection with making a decision whether or not to challenge the proposed merger. In such circumstances it is still subject to work product protection.

While Defendants are correct that "[c]ounsel or litigants cannot use the work product doctrine to hide facts underlying the litigation from discovery," [*United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 156 (D. Del. 1999)], the underlying factual background for this Motion does not suggest a "hide the ball" approach by Plaintiffs. Here, Plaintiffs have provided Defendants with a list of all persons likely to have discoverable information. Using this information, Defendants may conduct their own investigation and independently obtain facts and reach their own conclusions about the utility and importance of any information.

The reality is that the interrogatory at issue ultimately is an effort by Defendants to find out what facts were important to Plaintiffs. From such factual analysis it is a very small step to looking at the facts deemed relevant to Plaintiffs' counsel and deriving insight and understanding into the legal theories and approaches of Plaintiffs.  [*Chiperas v. Rubin*, 1998 WL 531845 at *1

(D.D.C. Aug. 24, 1998)]. In sum, the Special Master recommends that the Court find that the information sought in Interrogatory No. 1 qualifies for protection under the work product doctrine.

The work product doctrine, however, is a qualified protection, and factual work product is obtainable upon an adequate showing of substantial need and an inability to obtain substantially equivalent material by other means without undue hardship. [*See Upjohn Co. v. U.S.*, 449 U.S. 383, 401-02 (1981); Fed. R. Civ. P. 26(b)(3(A)(ii) (substantially the same as the version of Rule 26 cited in *Upjohn*)]. Opinion work product, on the other hand, is "virtually undiscoverable," requiring a showing of "extraordinary justification**."** [*Yeda Research & Dev. Co. v. Abbott GMBH & CO. KG*, 2013 U.S. Dist. LEXIS 84948 at *27 (D.D.C. June 17, 2013) (quoting *Director, Office of Thrift Supervision v. Vinson & Elkins LLP*, 124 F.3d 1304, 1307 (D.C. Cir. 1997), and *In re Sealed Case*, 676 F.2d at 809-10].

The Special Master concludes that this material is protected opinion work product. *Hickman* notes that part of an attorney's protected duties include "sift[ing] what he [or she] considers to be the relevant from the irrelevant facts." (*Hickman*, 329 U.S. at 511). The questions that an attorney asks an interviewee are designed to produce useful and hopefully relevant information from that interviewee, such that the "facts elicited necessarily reflect a focus chosen by the lawyer." [*In re Vitamins Antitrust Litig.*, 211 F.R.D. 1, 5 (D.D.C. 2002) (internal citations omitted)].

Likewise, the information that an attorney chooses to record is almost certainly the material that he or she deems important to the case at hand. "[E]ven if it can be agreed upon that a collection of materials or statements constitute "facts," the collection of materials or statements might nonetheless reveal an attorney's thought processes and mental impressions of the case,

thereby converting the information into 'opinion' work product. … Also, the facts elicited from an investigation may be, in some cases, necessarily reflective of an attorney's focus in a case." [*U.S. v. Clemens*, 793 F. Supp. 236, 245 (D.D.C. 2011) (citing *Office of Thrift Supervision*, 124 F.3d at 1308; *In re Sealed Case*, 124 F.3d at 236)].

The record here suggests that the factual material at issue for purposes of this Motion is inextricably intertwined with the mental processes of the attorney. "Where the factual and opinion work product are so intertwined in a document that it is impossible to segregate and disclose the purely factual part, any disclosure would violate the protections afforded by the work product doctrine since, in that case, the entire document discloses the mental impression of an attorney or her agent." [*FTC v. Boehringer Ingelheim Pharms., Inc.*, 286 F.R.D. 101, 108 (D.D.C. 2012) (citing *In re Vitamins Antitrust Litig.*, 211 F.R.D. at 5)].[4]

For similar reasons, the complete list of individuals with whom Plaintiffs spoke is also protected opinion work product. Plaintiffs have provided Defendants with the names of persons having discoverable information. Requiring Plaintiffs to also disclose the names of individuals who Plaintiffs interviewed, but found not to have discoverable information, would force Plaintiffs to disclose "which individuals [Plaintiffs' counsel] consider[s] more or less valuable as witnesses and how [he or she] [is] preparing for trial." [*Tracy v. NVR, Inc.*, 250 F.R.D. 130, 132 (W.D.N.Y. 2008) (quoting *United States v. District Council of New York City and Vicinity of the Union Bhd. Of Carpenters*, 1992 WL 208284 at *10 (S.D.N.Y. Aug. 18, 1992))].

Finally, even if the material were considered to be fact, and not opinion, work product, Defendants have not put forth the requisite showing of "substantial need" and "undue hardship" necessary to overcome the doctrine. [*See* FED. R. CIV. P. 26(b)(3)]. "In evaluating whether there

---

[4] Requiring attorneys to use their recollection of interviews is similarly at odds with the reasons underlying the work product doctrine.

is a substantial need, courts have considered factors including:  '(1) [the] importance of the materials to the party seeking them for case preparation; (2) the difficulty the party will have obtaining them by other means; and (3) the likelihood that the party, even if he [or she] obtains the information by independent means, will not have the substantial equivalent of the documents he seeks.'" [*Yeda,* 2013 U.S. Dist. LEXIS 84948 at *28-29 (quoting *MeadWestvaco Corp. v. Rexam PLC*, 2011 U.S. Dist. LEXIS 78028 at *4 (E.D. Va. July 18, 2011))].

Noting Defendants' need to  prepare, Plaintiffs represent that they have provided Defendants with the "names of individuals likely to have discoverable information and all non-party documents and data received during Plaintiffs investigations." (Opp. at 3). In light of the substantial discovery already provided to Defendants, Defendants have not established that the specific information Plaintiffs obtained in the third party interviews is so significant that it would justify overcoming the very strong preference for protecting work product. (*See Deloitte*, 610 F.3d at 135). Furthermore, Defendants have not presented any evidence suggesting that they are unable to interview the individuals named by Plaintiffs or that they have any reason to believe that they would not obtain substantially similar facts from the witnesses in question.

Likewise, Defendants have not shown that obtaining the factual information sought would place an "undue burden" or undue hardship upon them. As one court has said, "[t]his case is not a story of David versus Goliath. Here, Plaintiffs and [Defendants] are both Goliath – they have equal means to obtain the information [Defendants'] interrogatories seek." [Pl. Exh. B, "Order Denying BCBS's Motion to Compel Responses to Interrogatories," *United States v. Blue Cross Blue Shield of Michigan*, Civ. No. 10-14155-DPH-MKM , Doc. No. 178 at 5 (D. Mich. 2012)].

With regard to the persons interviewed but not identified by Plaintiffs, the Special Master is not persuaded by Defendants' explanation as to why they need this information. To use the example offered by Defendants at oral argument, Plaintiffs may have interviewed two travel agents, one of whom offered an opinion indicating that the merger would hurt consumers, and another who indicated that the merger would have a positive impact. According to Defendants' argument, Plaintiffs may have only provided the name of the first agent to Defendants, and not the second, as the first would be the only witness with "useful" information. Defendants contend that this selection would deprive Defendants of information that would tend to bolster Defendants' contention that the merger will have procompetitive effects.

Nothing in the scenario posited by Defendants, however, prevents Defendants from finding their own travel agent to testify that the merger will affect consumers positively. Defendants have not explained why access to the specific agent interviewed by Plaintiffs would be a more powerful witness than an agent that Defendants independently might find and develop as a witness.

Defendants similarly have failed to show why they are unable "to procure equivalent information 'without undue hardship.'" [*United States v. ISS Marine Svcs.*, 905 F. Supp. 2d 101, 138 (D.D.C. 2012) (quoting *Deloitte*, 610 F.3d at 135)]. There is no evidence in the record suggesting that Defendants lack the resources to develop a case to rebut Plaintiffs' allegations and support Defendants' case.

For these reasons, the Special Master does not accept Defendants' contention that they have a significant need for access to this information.

## V.    <u>Conclusion</u>

For the foregoing reasons, the Special Master recommends that the Court deny

Defendants' Motion to Compel Production of Interview-Related Work Product.


      /s/Hon. Richard A. Levie (Ret.)
        Hon. Richard A. Levie (Ret.)
           Special Master