**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| *v.* ) | Case No. 1:13-cv-01236-CKK |
| ) | |
| US AIRWAYS GROUP, INC. and AMR ) | |
| CORPORATION, ) | |
| ) | |
| *Defendants*, ) | |

**MOTION OF THE US AIRLINE PILOTS ASSOCIATION FOR LEAVE TO
PARTICIPATE AS *AMICUS CURIAE* AND MEMORANDUM IN SUPPORT THEREOF**

The US Airline Pilots Association ("USAPA") respectfully moves this Court for

permission to participate as *amicus curiae* and file a paper in support of Defendants US Airways

Group, Inc. ("US Airways") and AMR Corporation.  USAPA, as the representative for the pilots

of US Airways, has a substantial interest in the resolution of this litigation, as well as a unique

perspective and unique information to share with the Court regarding the merger.  Accordingly,

USAPA requests this Court's permission to file a short *amicus curiae* brief explaining USAPA's

support for the merger and its view of the benefits to competition that it sees flowing therefrom.

I.      **BACKGROUND**

USAPA, which is headquartered at 200 East Woodlawn Road, Suite 250, Charlotte,

North Carolina 28217, is a labor organization founded in 2007 by a group of pilots of the new

US Airways after the merger between US Airways and America West Airlines, Inc.  USAPA

represents and serves as the certified collective bargaining agent for the thousands of mainline

pilots who fly for US Airways.  USAPA is governed by four officers elected at large and a Board

of Pilot Representatives elected by the pilots from the individual pilot domiciles throughout the

905569

mainline US Airways system.  As pilots for US Airways, USAPA's members fly US Airways

passengers to over 180 destinations across the world.

USAPA is a signatory, along with AMR Corporation, US Airways, and the Allied Pilots

Association ("APA"), to the Memorandum of Understanding Regarding Contingent Collective

Bargaining Agreement ("MOU"), a conditional agreement, entered into this past January and

subsequently approved by the Bankruptcy Court for the Southern District of New York, that sets

out in detail, *inter alia*, how the merger with AMR Corporation will affect the pilots of US

Airways, including, but not limited to, interim contract terms that will lead to a final collective

bargaining agreement.  The MOU, which affords equal pay and working conditions between the

pilots of US Airways and American, will not go into effect unless the merger is consummated.[1]

The National Mediation Board (NMB) encouraged USAPA to support the merger in lieu of

pursuing its individual collective bargaining agreement with US Airways.  Without the MOU,

USAPA and US Airways will be forced to return to negotiations for a new collective bargaining

agreement under Section 6 of the Railway Labor Act, a process that began in earnest over five

years ago and was subsequently suspended in favor of the merger by the NMB.

## II.      ARGUMENT AND STATEMENT OF POINTS AND AUTHORITIES

The Court has "broad discretion to permit . . . participation in [a] suit as an *amicus*

*curiae*."  *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng's*, 519 F. Supp. 2d 89, 93

(D.D.C. 2007).  *See also Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008)

---

[1] The APA-American Airlines 2012 Collective Bargaining Agreement, along with those modifications and provisions contained in the MOU, will serve as the foundation for the joint collective bargaining agreement for the combined pilot workforce.  Since the integration of the pilot workforce is necessary to a successful merger, the MOU establishes certain integration procedures including, but not limited to, an orderly seniority integration process consistent with the provisions of the McCaskill-Bond Amendment.  The MOU provisions were the subject of significant negotiations among AMR Corporation, US Airways, USAPA and APA.  The MOU was ratified by a vote of over 75% of the USAPA membership.

("District Courts have inherent authority to appoint or deny *amici* which is derived from Rule 29 of the Federal Rules of Appellate Procedure.") (citation omitted).  As this Court has recognized, an *amicus curiae* "does not represent the parties but participates only for the benefit of the Court."  *United States v. Microsoft Corp.*, 2002 WL 319366, at *2 (D.D.C. Feb. 28, 2002). *Amicus* participation should be permitted, among other reasons, when a party "has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."  *Jin*, 557 F. Supp. 2d at 137 (citation and quotation omitted).  This is true here as to USAPA.

USAPA plans to focus its brief on addressing, from the particular perspective of US Airways pilots, the benefits an approved merger between US Airways and American Airlines would provide to competition and to consumers.  USAPA anticipates that its proposed brief would thus address, *inter alia*, (1) the benefits to the public of a viable airline with a substantial network of routes that can compete with the industry leaders on price, service, and quality, (2) the benefits to the public of airlines retaining experienced pilots, and (3) the benefits to the public of labor peace.

The Court has previously recognized the substantial stake that unions have in the consummation of the US Airways-AMR Corporation merger, and has granted applications of other unions to participate as *amici curiae*.  On August, 29, 2013, the Court granted certain unions' motion for leave to file a brief *amicus curiae* in support of the Defendants' proposed trial schedule.  *See* Minute Order, dated Aug. 29, 2013.  The Court further recognized the "vested interest" of some in the adjudication of this case – "particularly employees of the Defendants" – in its order denying the United States' motion to stay the trial.  Order at 1-2, dated Oct. 1, 2013 [Dkt. No. 93].  And on October 9, 2013, the Court granted the Transport Workers Union the right

to appear *amicus curiae* as to the very matters on which USAPA desires to be heard.  Order, dated Oct. 9, 2013, [Dkt. No. 103].  It is inarguable that the careers of US Airways pilots have been and will be heavily affected by the proposed merger between the Defendants.  USAPA should likewise be permitted to participate as an *amicus*.

USAPA notes that certain AMR-related unions, including APA, recently filed a request for *amici* status, which has now been granted, noting that "[t]heir futures will be determined by the long-term viability and competitiveness of American" and "[t]he careers of *amici's* members are inextricably linked to the success of American."[2]  USAPA, as the union for pilots of US Airways, has a different perspective from those of the AMR unions, and that difference in perspective justifies USAPA's separate request to file an *amicus* brief on behalf of the pilots of US Airways.  For example, USAPA and APA have very different perspectives on the management structure of a merged airline, which would likely render a joint brief impossible, and USAPA likewise plans to file a brief making certain "US Airways specific" and "USAPA specific" points.  USAPA does not, however, object to filing a joint *amici* brief with other unions representing US Airways employees and will invite all other US Airways unions to participate in the proposed brief.

USAPA will not participate in the presentation of evidence, will comply with any applicable page limitations and other terms of *amicus* participation, and will participate in oral argument only to the extent that the Court requests such argument on its own motion.  USAPA is also willing to limit its brief to no more than ten pages, and, with the Court's permission, anticipates filing a succinct brief of five to ten pages.

---

[2] Motion for Leave to File Merits Brief Amici Curiae of Allied Pilots Association, Association of Professional Flight Attendants, the Association of Flight Attendants-CWA and the Communications Workers of America, AFL-CIO (CWA) in Support of Defendants at 4, filed October 21, 2013 [Dkt. No. 109].

USAPA has sought the consent of the parties to this litigation to USAPA's filing of the proposed *amicus* brief.  The United States does not object.  The States of Arizona, Virginia and Tennessee do not object, nor does the District of Columbia.  USAPA has not yet heard from the remaining States.  The Defendants do not consent.

**III.    REQUEST FOR RELIEF**

USAPA respectfully requests that the Court grant it leave to participate as *amicus curiae*, including to file an *amicus curiae* brief on such terms as established by the Court.

Dated: October 31, 2013                              Respectfully submitted,

**CAPLIN & DRYSDALE, CHARTERED**


By:  */s/ Kevin C. Maclay*
Kevin C. Maclay (D.C. Bar. No. 449059)
(kmaclay@capdale.com)
James P. Wehner (D.C. Bar No. 454823)
(jwehner@capdale.com)
Todd E. Phillips (D.C. Bar No. 986747)
(tphillips@capdale.com)
One Thomas Circle, N.W., Suite 1100
Washington, D.C.  20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301


**O'DWYER & BERNSTIEN**
Brian J. O'Dwyer (D.D.C. application pending)
(bodwyer@odblaw.com)
Jason S. Fuiman (D.D.C. application pending)
(jfuiman@odblaw.com)
52 Duane Street, 5th Floor
New York, NY 10007
Telephone: (212) 571-7100
Facsimile: (212) 571-7124]

*Counsel for the US Airline Pilots Association*

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2013, the foregoing **MOTION OF THE US AIRLINE PILOTS ASSOCIATION FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE* AND MEMORANDUM IN SUPPORT THEREOF** was filed with the Clerk of the Court using the Court's CM/ECF system, served electronically via the Court's CM/ECF system upon counsel of record, and was served via first-class regular mail upon the following:


Albert L. Hogan, III
John Wm. Butler, Jr.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Suite 2700
Chicago, IL 60606-1720
Attorneys for *Amicus Curiae* Official Committee of Unsecured Creditors

James A. Keyte
Jay M. Goffinan
Kenneth B. Schwartz
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
4 Times Square
New York, NY 10036-6522
Attorneys for *Amicus Curiae* Official Committee of Unsecured Creditors

Sharon L. Levine
LOWENSTEIN SANDLER LLP
65 Livingston Avenue
Roseland, NJ 07068
Attorney for *Amicus Curiae* Transport Workers Union of America

David H. Bamberger
Paul D. Schmitt
DLA PIPER LLP (US)
500 Eighth Street, N.W.
Washington, D.C. 20004
Attorneys for *Amici Curiae* Dallas/Fort Worth International Airport Board et al.

Michael Deuel Sullivan
Scott Blake Harris
WILKINSON BARKER KNAUER
2300 N Street NW, Suite 700
Washington, DC 20037
Attorneys for *Amici Curiae* Charlotte Chamber of Commerce et al.

David E. Keltner
Marianne M. Auld
Jody S. Sanders
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Attorneys for *Amici Curiae* Charlotte Chamber of Commerce et al.

Douglas W. Baruch
FRIED FRANK HARRIS SHRIVER & JACOBSON LLP
801 17th Street, NW
Washington, D.C. 20006
Attorneys for *Amicus Curiae* Oneworld Alliance, LLC

Peter L. Simmons
Peter S. Guryan
FRIED FRANK HARRIS SHRIVER & JACOBSON LLP
One New York Plaza
New York, NY 10004
Attorneys for *Amicus Curiae* Oneworld Alliance, LLC

Filiberto Agusti
Robert Fleishman
Edward Schwartz
Shannen W. Coffin
Jeffrey Theodore
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., N.W.
Washington, D.C. 20036
Attorneys for the *Amicus Curiae* Allied Pilots Association

Edgar N. James
Darin M. Dalmat
JAMES & HOFFMAN, P.C.
1130 Connecticut Avenue, N.W.
Suite 950
Washington, D.C. 20036
Attorneys for *Amicus Curiae* the Allied Pilots Association

Robert S. Clayman
N. Skelly Harper
GUERRIERI, CLAYMAN, BARTOS & PARCELLI, P.C.
1900 M Street, N.W.
Washington, D.C. 20036
Attorneys for *Amicus Curiae* Association of Professional Flight Attendants

Edward J. Gilmartin
ASSOCIATION OF FLIGHT ATTENDANTS-CWA
501 Third Street, N.W.
Washington, D.C. 20001
Attorney for *Amicus Curiae* Association of Flight Attendants-CWA

Mary K. O'Melveny
COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO
501 Third Street N.W.
Washington, D.C. 20001
Attorney for *Amicus Curiae* Communications Workers of America, AFL-CIO

Richard S. Edelman
O'DONNELL, SCHWARTZ & ANDERSON,
1300 L Street, N.W., Suite 1200
Washington, D.C. 20005
Attorney for *Amicus Curiae* Transport Workers Union of America

> *s/ Todd E. Phillips*
> Todd E. Phillips (D.C. Bar #986747)
> One Thomas Circle, N.W., Suite 1100
> Washington, D.C.  20005
> Telephone: (202) 862-5000
> Facsimile: (202) 429-3301
> Email: tphillips@capdale.com