IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA, *et al.*  )
                                    )
         Plaintiffs,                )
                                    )
    v.                              )
                                    )   Case No. 1:13-cv-01236-CKK
                                    )
US AIRWAYS GROUP, INC., *et al.*,   )
                                    )
         Defendants.                )
_____)

**MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF
BY SOUTHWEST AIRLINES CO.**

Southwest Airlines Co. ("Southwest") respectfully moves this Court for permission to file a brief *amicus curiae* that will address the likely competitive effects of the merger between US Airways Group Inc. ("US Airways") and AMR Corporation ("American Airlines").

Southwest has sought the consent of the parties to this litigation to file a brief *amicus curiae* on the merits. The United States, the plaintiff States, US Airways and American Airlines have all given their consent.[1]

---

[1] Southwest is mindful of the admonition the Court has made to other amici to limit their discussion to facts available to the parties. Southwest will comply with that instruction and will rely upon facts already in the record. Southwest understands that the United States has produced approximately 150,000 Southwest documents to Defendants in this litigation that Southwest had previously produced to the government, and Southwest has produced more documents in response to subpoenas from Defendants in this litigation. In addition, a senior Southwest representative was deposed in this litigation.

1

I.     **INTEREST OF THE AMICUS**

Southwest is the preeminent low cost carrier ("LCC") in the United States. Southwest's headquarters are at 2702 Love Field Drive in Dallas, Texas. Since it began operations in 1971 Southwest has grown from a small intra-state carrier serving three Texas cities to become today the largest domestic airline measured by the number of passengers carried. Southwest was the original LCC in this country, and its popularity and growth over time created the foundation for the broader LCC segment of the airline industry, as other carriers in recent years have tried to follow in Southwest's footsteps to offer their own brands of low cost service. Southwest provides service in competition with legacy carriers, such as US Airways and American Airlines, but at significantly lower costs and fares. Typically, when Southwest begins providing low cost service on a particular route lacking LCC competition, not only do passengers enjoy Southwest's lower fares, but Southwest's entry drives down the fares of competing legacy carriers. In response to the lower fares, the number of passengers traveling on the route increases significantly. This pro-competitive effect of offering lower fares and stimulating new traffic is so well documented that it has been dubbed "The Southwest Effect"[2] by the U.S. Department of Transportation.

---

[2] Randall D. Bennett & James M. Craun, U.S. Dep't of Transp., *The Airline Deregulation Evolution Continues: The Southwest Effect* (May 1993); *see also* U.S. Gov't Accountability Office, GAO-10-778T, *Airline Mergers: Issues Raised by the Proposed Merger of United and Continental Airlines* 6 (2010) ("over the last decade, airfares have generally declined (in real terms), owing largely to the increased presence of low-cost airlines, such as Southwest Airlines, in more markets and the shrinking dominance of a single airline in many markets"); Austan Goolsbee & Chad Syverson, *How Do Incumbents Respond to the Threat of Entry? Evidence from Major Airlines*, 123 Q.J. of Econ. 1611 (Nov. 2008); Sholnn Freeman, *Southwest Airlines Feeling Squeezed out at National Airport*, Wash. Post, Mar. 23, 2010, *available at* http://www.washingtonpost.com/wp-dyn/content/article/2010/03/22/AR2010032203312.html; Marco Santana, *Southwest Effect Slashes Des Moines Prices*, Des Moines Reg., Sept. 27, 2013, *available at* http://www.iowadot.gov/aviation/news/pdfs/Southwest%20effect%20slashes%20Des%20Moines%20prices.pdf.

The pro-competitive effect of Southwest's entry and service is effective, however, only when Southwest has the ability to enter a particular market. While Southwest serves over 90 destinations in the United States, it has extremely limited access to Reagan National Airport serving Washington DC ("DCA") and LaGuardia Airport in New York City ("LGA") due to severe entry restrictions. Service to those airports is significantly limited by the allocation of take-off and landing slots, and Southwest has been able to obtain only a very small number of slots at those two airports. Because the merger would concentrate slots at DCA and LGA in a combined airline that would restrict the availability of slots to Southwest and other LCCs that could provide meaningful competition, Southwest can provide the Court with a unique and important perspective on the legal and competitive implications of the merger for air service at those airports.

## II.   ARGUMENT

An *amicus curiae* "does not represent the parties but participates only for the benefit of the Court." *Hard Drive Prods., Inc. v. Does 1-1,495*, 892 F. Supp. 2d 334, 337 (D.D.C. 2012) (internal quotation marks omitted); *United States v. Microsoft Corp.*, No. Civ.A.98-1232, 2002 WL 319366, at *2 (D.D.C. Feb. 28, 2002). It is solely within the Court's discretion to determine "the fact, extent, and manner" of participation by the *amicus*. *Microsoft Corp.*, 2002 WL 319366, at *2. *Amicus* participation should be permitted, among other reasons, when an *amicus* "'has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)).

Southwest can provide unique information and perspective on how the proposed merger between US Airways and American Airlines would likely affect competition, and particularly how the impact of the proposed merger on service at DCA and LGA should be viewed under Section 7 of the Clayton Act.  An important component of the defendants' defense is the competitive discipline that Southwest's low priced fares bring to the marketplace.  US Airways says in its answer that the Complaint "ignore[s] the most meaningful competitive development in the airline industry since deregulation:  the emergence of low cost carriers," emphasizing that Southwest "is now the country's largest domestic airline." (Defendant US Airways' Group, Inc.'s Answer to Am. Compl. 2, Sept. 9, 2013 [Dkt. 79]).  Southwest will discuss the competition that it provides to constrain fares of legacy carriers and enhance the benefits that passengers enjoy as a result.  Southwest will explain how its entry into markets has reduced competing fares and stimulated new passenger traffic, and it can provide the unique perspective of how it could—if it were to obtain additional slots—provide an important competitive restraint on a merged US Airways and American Airlines at DCA and LGA.  Even with the limited service it provides at DCA and LGA, Southwest has already brought pro-competitive effects at those airports.  Southwest will explain how -- without a significant divestiture of slots at each of these airports in conjunction with the merger – the increased concentration of slots in the hands of the merged airline would substantially lessen competition.  Those anti-competitive effects could be mitigated only if a significant number of slots were divested to Southwest so it could bring the Southwest Effect to more routes served from DCA and LGA.  To effectively mitigate those anticompetitive effects, Southwest will explain why a divestiture of slots must be to a LCC like Southwest, which has a nationwide low fare network that would deliver the competitive benefits of slot divestiture to the greatest number of cities and passengers throughout the country.

**Conclusion**

Southwest respectfully requests that this Court permit it to submit a brief *amicus curiae* on the merits of this matter, on such terms established by the Court.

Dated: November 7, 2013                               Respectfully submitted,

/s/ Alden L. Atkins_____
Alden L. Atkins
DC Bar No. 393922
Vincent C. van Panhuys
DC Bar No. 978231
**VINSON & ELKINS LLP**
2200 Pennsylvania Ave, N.W.
Suite 500 West
Washington, DC 20037
Phone: (202) 639-6500
Fax: (202) 639-6604
aatkins@velaw.com

*Attorneys for Southwest Airlines Co.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 7th day of November, 2013, the foregoing Motion was filed with the Clerk of the Court using the Court's CM/ECF system, served electronically via the Court's CM/ECF system upon counsel of record, and served via first class regular mail upon the following:

John Wm Butler , Jr.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
155 North Wacker Drive
Suite 2700
Chicago, IL 60606-1720

Jay M. Goffman
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
4 Times Square
New York, NY 10036-6522

Albert L. Hogan , III
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
155 North Wacker Drive
Suite 2700
Chicago, IL 60606-1720

James A. Keyte
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
4 Times Square
New York, NY 10036-6522

Sharon L. Levine
LOWENSTEIN SANDLER LLP
65 Livingston Avenue
Roseland, NJ 07068

Kenneth B. Schwartz
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
4 Times Square
New York, NY 10036-6522

/s/ Alden L. Atkins
Alden L. Atkins
**VINSON & ELKINS LLP**
2200 Pennsylvania Ave, N.W.
Suite 500 West
Washington, DC 20037
Phone: (202) 639-6500
Fax: (202) 639-6604
aatkins@velaw.com

*Attorneys for Southwest Airlines Co.*