**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>US AIRWAYS GROUP, INC.<br><br>and<br><br>AMR CORPORATION<br><br>*Defendants*. | Case No. 1:13-cv-01236 (CKK) |

**UNITED STATES' EXPLANATION
OF CONSENT DECREE PROCEDURES**

The United States submits this short memorandum summarizing the procedures regarding the Court's entry of the proposed Final Judgment. This Judgment would settle this case pursuant to the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h) (the "APPA"), which applies to civil antitrust cases brought and settled by the United States.

1. Today, the United States and the Plaintiff States have filed, attached to this Explanation of Consent Decree Procedures, a proposed Final Judgment and an Asset Preservation Order and Stipulation between the parties by which they have agreed that the Court may enter the proposed Final Judgment after the United States has complied with the APPA. The United States has also filed a Competitive Impact Statement relating to the proposed Final Judgment.

1

2. The Asset Preservation Order and Stipulation is a document that has been agreed to by both the Plaintiffs and the Defendants. The Plaintiffs and the Defendants ask that the Court sign this Order, which ensures that the Defendants preserve competition by complying with the provisions of the proposed Final Judgment and by maintaining the assets to be divested during the pendency of the proceedings required by the Tunney Act. *See* 15 U.S.C. § 16(b)-(h).

3. The APPA requires that the United States publish the proposed Final Judgment and the Competitive Impact Statement in the *Federal Register* and cause to be published a summary of the terms of the proposed Final Judgment and the Competitive Impact Statement in certain newspapers at least sixty (60) days prior to entry of the proposed Final Judgment. Defendants in this matter have agreed to arrange and bear the costs for the newspaper notices. The notice will inform members of the public that they may submit comments about the proposed Final Judgment to the United States Department of Justice, Antitrust Division, 15 U.S.C. § 16(b)-(c).

4. During the sixty-day period, the United States will consider, and at the close of that period respond to, any comments that it has received, and it will publish the comments and the United States' responses in the Federal Register.

5. After the expiration of the sixty-day period, the United States will file with the Court the comments and the United States' responses, and it may ask the Court to enter the proposed Final Judgment (unless the United States has decided to withdraw its consent to the entry of the Final Judgment, as permitted by Section IV.A. of the Stipulation, *see* 15 U.S.C. § 16(d)).

6.      If the United States requests that the Court enter the proposed Final Judgment after compliance with the APPA, 15 U.S.C. § 16(e)-(f), then the Court may enter the Final Judgment without a hearing provided that it concludes that the Final Judgment is in the public interest.

Dated: November 12, 2013

Respectfully submitted,

/s/
Michael D. Billiel (DC Bar #394377)
Trial Attorney
U.S. Department of Justice
Antitrust Division
450 Fifth Street, N.W., Suite 8000
Washington, DC 20530
(202) 307-6666
michael.billiel@usdoj.gov