IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, ET AL.,

       Plaintiffs.,

      vs.

US AIRWAYS GROUP, INC., ET AL.,

       Defendants.
_____

CA No. 13-1236
Washington, DC
October 1, 2013
10:23 a.m.


TRANSCRIPT OF STATUS CONFERENCE
BEFORE THE HONORABLE COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Plaintiff, USA:    Mark William Ryan, Esquire
    David I. Gelfand, Esquire
    U.S. DEPARTMENT OF JUSTICE
    Antitrust Division
    950 Pennsylvania Avenue, NW
    Room 3215
    Washington, DC 20530
    (202) 532-4753
    mark.w.ryan@usdoj.gov


    Ryan J. Danks, Esquire
    U.S. DEPARTMENT OF JUSTICE
    Antitrust Division
    450 5th Street NW
    Room 4648
    Washington, DC 20001
    (202) 305-0128
    Fax: (202) 514-6525
    ryan.danks@usdoj.gov

For the Plaintiff States:      James A. Donahue, III, Esquire
                               Jennifer A. Thomson, Esquire
                               OFFICE OF THE ATTORNEY GENERAL
                               Commonwealth of Pennsylvania
                               Strawberry Square
                               14th Floor
                               Harrisburg, PA 17120
                               (717) 787-4530
                               jdonahue@attorneygeneral.gov


                               Lizabeth A. Brady, Esquire
                               OFFICE OF THE ATTORNEY GENERAL
                               PL-01, The Capitol
                               Tallahassee, FL 32399
                               (850) 414-3851
                               liz.brady@myfloridalegal.com


                               Victor J. Domen, Jr., Esquire
                               ATTORNEY GENERAL'S OFFICE
                               425 Fifth Avenue North
                               Nashville, TN 37202
                               (615) 253-3327
                               Fax: (615) 532-6951
                               vic.domen@ag.tn.gov

                               Matthew R. Hull, Esquire
                               OFFICE OF THE ATTORNEY GENERAL
                               Consumer Protection Section
                               900 E. Main Street
                               Richmond, VA 23219
                               (804) 371-2084
                               mhull@oag.state.va.us


For Defendant US Airways:      Richard G. Parker, Esquire
                               Kenneth R. O'Rourke, Esquire
                               Katrina M. Robson, Esquire
                               O'MELVENY & MYERS LLP
                               1625 Eye Street, NW
                               Washington, DC 20006
                               (202) 383-5380
                               Fax: (202) 383-5414
                               rparker@omm.com
                               korouke@omm.com
                               krobson@omm.com

For Defendant AMR Corp.:     John M. Majoras, Esquire
JONES DAY
325 John H. McConnell Boulevard
Suite 600
Columbus, OH 43215-2673
(614) 281-3835
jmmajoras@jonesday.com

Rosanna K McCalips, Esquire
JONES DAY
Business and Tort Litigation
51 Louisiana Avenue, NW
Washington, DC 20001
(202) 879-3898
Fax: (202) 626-1700
rkmccalips@jonesday.com

Paula W. Render, Esquire
JONES DAY
77 West Wacker
Chicago, IL  60601-1692
(312) 782-3939
Fax: (312)782-8585
prender@jonesday.com

Court Reporter:     Lisa M. Foradori, RPR, FCRR
Official Court Reporter
U.S. Courthouse, Room 6706
333 Constitution Avenue, NW
Washington, DC  20001
(202) 354-3269
L4dori@hotmail.com

1                       P R O C E E D I N G S

2              COURTROOM DEPUTY:  Civil Case 13-1236, the United

3    States of America, et al. versus US Airways Group, Inc., et

4    al.  Counsel, would you please identify yourself for the

5    record.

6              MR. RYAN:  Mark Ryan for the United States, Your

7    Honor.

8              MR. DONAHUE:  James Donahue for the plaintiff

9    states.

10             MR. DANKS:  Ryan Danks for the United States, Your

11   Honor.

12             MR. GELFAND:  David Gelfand for the United States.

13             MR. PARKER:  Richard Parker, US Airways.

14             MR. O'ROURKE:  Good morning.  I'm Kenneth O'Rourke

15   for US Airways.

16             MS. ROBSON:  Katrina Robson, US Airways.

17             MR. MAJORAS:  Good morning, Your Honor.  John

18   Majoras for American Airlines.

19             MS. RENDER:  Good morning.  Paula Render for

20   American Airlines.

21             MS. McCALLIPS:  Rosanna McCalips for American

22   Airlines.

23             THE COURT:  All right.  We're ready to proceed.  I

24   did get your joint status report.  Looking through the dates I

25   had set for discovery and what you've accomplished in the

1    discovery, it looks like you've been moving at the required

2    expedited rate that we had set out, and I appreciate that.

3              The special master, you've been meeting, I

4    understand, with him.  And you've requested that I expand the

5    reference to include the issue of the handling and designation

6    of confidential documents as to whether they are or not, and I

7    will go ahead and expand that.  I don't know that I need to do

8    it in writing, but I'll put it in whatever report we have from

9    today.

10             I believe Judge Levie has two motions related to

11   discovery and privilege issues.  So, that's moving along at

12   his end.  And you identified in your report the next stage,

13   which we had talked about, without getting into too many

14   specifics, which was the proposed trial procedures order, and

15   you set out certain topics that would be considered.

16             I wanted to bring up just a couple of things in

17   regard to that.  I took that and broke that down.  I've made

18   some suggested dates, but I'll let you take a look at that.  I

19   thought we should build in sort of a -- we have a preliminary

20   witness list, and I thought we should have a final witness

21   list maybe prior to the end of the expert discovery, and then

22   amendments to the final list after you've completed the last

23   of the materials that would be coming in on the experts.  So,

24   that was my thinking.

25             That's something really more of an issue for you,

1  but I just thought that an earlier one you could start to

2  shape.  And we could also figure out scheduling and how long

3  it's going to take.  I left, roughly, through I think

4  November 17th sort of as the outside date with an idea that in

5  between here I do have to go off to a Judicial Resources

6  Committee meeting, assuming that's still going to go on.

7            You had talked about pretrial motions.  I wasn't

8  sure what you meant in it, but I thought motions in limine

9  kind of things.  And I would consider breaking out non-Daubert

10 issues from Daubert, if there are going to be any Daubert

11 issues.  Instead of doing a pretrial statement the way we

12 would ordinarily do, do something a little more expedited that

13 would have the final witness list, exhibit lists, deposition

14 designations, counter-designations, any stipulations, in

15 essence, what's going to be presented to the Court.  And then

16 have objections -- short objections and short responses.  I

17 will look at it and then resolve it at one of the hearings.

18            I would see these as shorter objections in terms of

19 if you're -- different kinds of evidence you want to preclude.

20 The motion in limine is probably a better way of doing it

21 because you can do a fuller briefing.  But that way instead

22 of -- I would get it -- you would put it all together, the

23 documents, discuss it, confer, and what I would get is what

24 you couldn't resolve about it.  If there were problems with

25 witnesses or exhibits or depositions, what I would get is one

1   document that had all of it in, which meant that you would

2   have exchanged this at an earlier point.

3          And then trial briefs, which I think would be

4   helpful in terms of the factual predicates that you're both

5   working from, and the legal underpinnings or overarching

6   considerations for the Court going in.  I'll leave for you the

7   proposed page limit.  It would be helpful not to get

8   inundated, but -- since it's going in and you will have an

9   opportunity to do Conclusions of Law at a later point.

10          I'll leave it to you.  You've got two parties.

11   You've got basically the U.S. Government and various states

12   and then you've got two defendants.  So, I'll let you work on

13   how you want to -- whether you want to split it up.  What I

14   don't want to get is the same thing from several parties in

15   terms of on each side.  So, if you can figure out -- either

16   dividing the issues up or do it combined or whatever.  I won't

17   get into that unless you can't agree.

18          So, you can separate them out and each hand

19   something in.  But I'd prefer not to get the same argument in

20   three different places.  It would be nice to get -- on each

21   side I'm talking about.  So, I'll leave that to you and you

22   can come back to me with however you want to do that

23   configuration.

24          I did suggest to you, and I think it would move the

25   case along, to get written direct.  Whoever is presenting the

1    case initially and then when the defense presented -- and two

2    business days before the expected testimony should work in

3    terms of being able to do it.

4          The only thing I would say with this, the one time

5    it didn't work is that people tended to have like a narrative

6    and it wasn't the question and the answer the way -- as if the

7    person was on the stand -- but sort of the argument or the

8    presentation, so the answer went on for like four pages.  That

9    is not going to help me because there are going to be

10   objections to that as a direct.  So, I would ask that you do

11   it as if it's an actual examination of the witness.

12         I also would like to get the electronic copies of

13   the trial exhibits, depositions, delivered to the chambers so

14   that -- it's much easier when I get your exhibit list,

15   et cetera, if there are objections, it's much easier to just

16   work with them that way.  You'll eventually have to do this

17   anyway with the hyperlinking.

18         We have the first day of trial November 25th.  I

19   sort of figured, based on what you had said, 12 to 15 days,

20   and we can tinker with this.  December 16th and 17th, keeping

21   in mind that I do -- and I'll have a better idea as the months

22   progress as to whether there is still going to be travel to

23   these committee meetings or not.  And, also, what I can get --

24   so I'll cut it down to the bare minimum of being out of town

25   so we can use them -- the rest of that week for trial.

1              The proposed Findings of Fact and Conclusions of
2    Law, if you're going to look at the January 18th date, I view
3    that as a goal.  I'm not sure that I can do it, but I
4    certainly see it as a goal.  You'll notice that in my
5    discussions with you, which I gave you, it sort of messes up
6    your holidays, I must admit.  But it should be something that
7    if you can do it around those dates, it should get everything
8    in to me.
9              What I was going to suggest is that -- obviously it
10   would be after the trial.  I do want it hyperlinked so that
11   it's the exhibits, the testimony, cases, et cetera.  My
12   understanding, I think, is that you're going to be getting
13   daily copy.  If you do, you should be able to get the
14   materials fairly quickly.  I was going to have you file all of
15   that.
16             I was not going to have you do closing arguments
17   after the evidence.  The way I did it on the -- in one of my
18   others cases worked very well.  We had the trial, the proposed
19   Findings and Conclusions of Law came in.  We then set a
20   hearing that was a combination of closing arguments and what
21   you had already filed, so that I basically -- if I've got
22   questions about what you filed, it's one hearing and it
23   combines both of the things.  So, I thought that would be more
24   expeditious.  And I would do that some time in January.
25             So, in terms of the schedule, there may be other

1    things that you were thinking of.  These were the things that

2    I thought we probably would need to do.  I was going to set

3    two other dates.  I was looking at my calendar in terms of

4    what I have in trials and was considering October 30th, which

5    is a Wednesday.  I would need to do it at 4:00.  I will in --

6    in likelihood will be in trial.  If I'm not in trial, I'll

7    move it earlier.  But if I am in trial it would be helpful to

8    do it at the end of the day, just to sort of see where things

9    are going with it.

10          At that point you would have moved out of the close

11   of fact discovery, starting to get into experts, et cetera, so

12   if there is any little tinkering we'd need to do.  Or if there

13   were some indications as to the length of the trial that was

14   changing, you know, what we have been talking about.

15          Then I was going to do a pretrial where, if I

16   hadn't already resolved any objections to whatever else, we

17   would discuss whatever issues we needed to on the 21st.  So,

18   it's a little -- you're starting -- the trial would be the

19   25th, this would be the Thursday before, say around 10:30.

20   So, I don't know if these are open for you.

21          I don't know that we need any further ones unless

22   filings or something else comes in where I need to bring you

23   back in.  But I think in terms of moving the case along, these

24   two dates and the point that we're doing it at should be

25   workable.

1              So, anything from plaintiffs that you want to add

2    or discuss, bring up or consider?

3              MR. RYAN:  No.  Thank you, Your Honor.

4              THE COURT:  States?

5              MR. DONAHUE:  No.  Thank you, Your Honor.

6              MR. PARKER:  Nothing, Your Honor.

7              THE COURT:  All right.  So, are those two dates

8    workable for you?  The October 30th at 4:00, which would be a

9    status.  And I would ask if I could have the -- if by the 28th

10   you could do a status report which would alert me to any

11   issues that we need to discuss.  And then the pretrial will be

12   November 21st.  You should be done with everything by then --

13   all of the discovery, experts and everything.  I realize it's

14   only a day later, but trying to set it -- I didn't want to do

15   it the Friday before we start the trial on that following

16   Monday, but at least have a day in between if something needs

17   to be done.

18             Okay.  And if there are other things than what you

19   had -- what I've identified for you or you've put in your

20   joint status in terms of things that need to be done that you

21   think need to be done for the trial, you know, that's fine as

22   well.  Do you have some date in mind when you would propose

23   this order?  I can leave it somewhat open-ended for you.

24             In other words, you'd come back with a proposal for

25   dates that hopefully the two of you would have agreed to.  It

1  can be a target date if you want.  If you want to talk for a

2  minute, go ahead.  There's no rush on it as long as --

3            MR. PARKER:  Your Honor, we would propose to have

4  this done by two weeks from today at the latest.

5            THE COURT:  Okay.  October 15th.  Does that work?

6            MR. RYAN:  Yes, Your Honor.

7            THE COURT:  Okay.  And all the dates would be after

8  that.  Okay.  And if you need more time in terms of looking at

9  the dates or how it's going, that's fine.  I've proposed

10  separately to you, really, outside dates.  So you can move

11  these around if too many are coming at the same time and you

12  want to do it differently.  But these are the ones that I am

13  hoping to get the material, from my perspective.  If it

14  doesn't work for you, then we can have a conversation about

15  it.

16            All right.  If there's nothing else then proceed

17  along.  You've been moving along very expeditiously and I

18  appreciate it, and I'm sure Judge Levie does as well.  Have a

19  good day.  Take care.

20  END OF PROCEEDINGS AT 10:39 A.M.

21

22

23

24

25

1

2                        C E R T I F I C A T E

3              I, Lisa M. Foradori, RPR, FCRR, certify that

4    the foregoing is a correct transcript from the record of

5    proceedings in the above-titled matter.

6

7    Date:_____        _____

8                                      Lisa M. Foradori, RPR, FCRR

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25