```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA, ET AL.,
                                         CA No. 13-1236
         Plaintiffs.,                    Washington, DC
                                         October 30, 2013
       vs.                               10:30 a.m.

US AIRWAYS GROUP, INC., ET AL.,

         Defendants.
_____



              TRANSCRIPT OF STATUS HEARING
      BEFORE THE HONORABLE COLLEEN KOLLAR-KOTELLY
              UNITED STATES DISTRICT JUDGE




APPEARANCES:

For the Plaintiff, USA:      Mark William Ryan, Esquire
                             David I. Gelfand, Esquire
                             U.S. DEPARTMENT OF JUSTICE
                             Antitrust Division
                             950 Pennsylvania Avenue, NW
                             Room 3215
                             Washington, DC 20530
                             (202) 532-4753
                             mark.w.ryan@usdoj.gov


                             Katharine Mitchell-Tombras, Esq.
                             U.S. DEPARTMENT OF JUSTICE
                             Antitrust Division
                             450 Fifth Street, NW
                             Suite 4000
                             Washington, DC 20001
                             (202) 532-4923
                             katharine.mitchell@usdoj.gov
```

```
                              Kathleen Suzanne O'Neill, Esq.
                              U.S. DEPARTMENT OF JUSTICE
                              Antitrust Division
                              450 Fifth Street, NW
                              Suite 8000
                              Washington, DC 20530
                              (202) 307-2931
                              kathleen.oneill@usdoj.gov


                              William H. Stallings, Esquire
                              U.S. DEPARTMENT OF JUSTICE
                              Antitrust Division
                              450 5th Street, NW
                              Suite 8000
                              Washington, DC 20004
                              (202) 514-9323
                              Fax: (202) 307-9952
                              william.stallings@usdoj.gov

                              Ryan J. Danks, Esquire
                              U.S. DEPARTMENT OF JUSTICE
                              Antitrust Division
                              450 5th Street NW
                              Room 4648
                              Washington, DC 20001
                              (202) 305-0128
                              Fax: (202) 514-6525
                              ryan.danks@usdoj.gov


For the Plaintiff States:    James A. Donahue, III, Esquire
                              OFFICE OF THE ATTORNEY GENERAL
                              Commonwealth of Pennsylvania
                              Strawberry Square
                              14th Floor
                              Harrisburg, PA 17120
                              (717) 787-4530
                              jdonahue@attorneygeneral.gov
```

```
For Defendant US Airways:     Richard G. Parker, Esquire
                              Kenneth R. O'Rourke, Esquire
                              Katrina M. Robson, Esquire
                              O'MELVENY & MYERS LLP
                              1625 Eye Street, NW
                              Washington, DC 20006
                              (202) 383-5380
                              Fax: (202) 383-5414
                              rparker@omm.com
                              korouke@omm.com
                              krobson@omm.com

For Defendant AMR Corp.:      John M. Majoras, Esquire
                              JONES DAY
                              325 John H. McConnell Boulevard
                              Suite 600
                              Columbus, OH 43215-2673
                              (614) 281-3835
                              jmmajoras@jonesday.com

                              Rosanna K. McCalips, Esquire
                              JONES DAY
                              Business and Tort Litigation
                              51 Louisiana Avenue, NW
                              Washington, DC 20001
                              (202) 879-3898
                              Fax: (202) 626-1700
                              rkmccalips@jonesday.com

                              Paula W. Render, Esquire
                              JONES DAY
                              77 West Wacker
                              Chicago, IL  60601-1692
                              (312) 782-3939
                              Fax: (312)782-8585
                              prender@jonesday.com


Court Reporter:               Lisa M. Foradori, RPR, FCRR
                              Official Court Reporter
                              U.S. Courthouse, Room 6706
                              333 Constitution Avenue, NW
                              Washington, DC  20001
                              (202) 354-3269
                              L4dori@hotmail.com
```

```
 1                    P R O C E E D I N G S
 2              THE COURT:  Good morning, everyone.
 3              COURTROOM DEPUTY:  Civil Case 13-1236.  The United
 4  States of America, et al., versus US Airways Group, Inc.
 5              Counsel, would you please identify yourself for the
 6  record.
 7              MR. RYAN:  Mark Ryan on behalf of the United
 8  States.
 9              MR. DONAHUE:  James Donahue on behalf of the
10  Plaintiff States, Your Honor.
11              MS. O'NEILL:  Kathleen O'Neill on behalf of the
12  United States.
13              MR. STALLINGS:  William Stallings for the United
14  States.
15              MR. DANKS:  Ryan Danks on behalf of the United
16  States.
17              MR. GELFAND:  David Gelfand on behalf of the United
18  States.
19              MR. PARKER:  Good morning, Your Honor.  Richard
20  Parker, US Airways.
21              MR. O'ROURKE:  Good morning, Your Honor.  Kenneth
22  O'Rourke, US Airways.
23              MS. ROBSON:  Good morning, Katrina Robson,
24  US Airways.
25              MR. MAJORAS:  Good morning, John Majoras for
```

1  American Airlines.

2      MS. RENDER:  Good morning, Paula Render for
3  American Airlines.

4      MS. McCALIPS:  Good morning, Rebecca McCalips for
5  American Airlines.

6      THE COURT:  All right.  Good morning, everyone.
7  Let me pick up with issues.  I did receive your joint proposed
8  trial procedures order, and there were only two issues that
9  were unresolved.  One was an issue of whether or not there
10 should be limits on the number of exhibits for trial, and if
11 there were limits, what they should be.

12      My view is that it was premature to make some
13 conclusions at this point.  So, I think you're finishing fact
14 discovery, you'll be moving to experts.  We have dates set out
15 in terms of the final exhibit list, amendments, objections and
16 then the final one as amended.

17      I think after the November 12th date you'll have a
18 better sense of whether or not there are going to be issues
19 with this, and if you want to get back to me at that point I
20 certainly will consider it, but I'm not going to make a
21 decision today.  I think you're still in the process of
22 working out and talking about the exhibits and knowing what
23 exhibits each of you wants to consider presenting.

24      I would suggest that you, in setting out the list
25 of exhibits, that you give some priority system, however you

1  want to do it, but I think it works best, even from the
2  Court's perspective, to have those that you think are really
3  key and vital, and then more ancillary issues sort of as the
4  second half or third half or however you want to do this --
5  considered.
6             So, you may want to break it down in terms of the
7  list itself, as well as in terms of the limits -- look really
8  more at the critical stuff as opposed to ancillary, which may
9  be just sort of back up material.  But once you start looking
10 at it, if you do have any issues, just get back to me about
11 it.
12            The other was to set limits on trial time.  As I
13 indicated to you, I've cleared my calendar, so we should be
14 able to simply use each day to the full extent.  Again, I
15 think -- I certainly can understand -- it's the defendants'
16 proposal -- that you want to make sure you're not
17 short-changed on time.  Again, I think it's premature.
18            I'm not enamored of the chess clock, but I do
19 think, you know, if it becomes necessary or if it seems to be
20 a better way to do this, I'll certainly consider doing some
21 sort of timing things.  But, again, I think it's premature.
22 I'll certainly ensure that both parties have the necessary
23 time to present their case.  But you haven't really started to
24 exchange -- you've done your preliminary witness lists back on
25 September 30th, but you've got a final one and an amended one.

1  So, through this process you can take a look at whether there
2  remain concerns about having some limitations.  And, again, if
3  you can't resolve it among yourselves, then please get back to
4  me.
5          On the schedule of events and deadlines, which
6  you've set out, as indicated in the joint status report,
7  discovery has been scheduled, and I must commend everyone,
8  you're going to be completing it pretty much within the
9  deadlines.  This wouldn't happen if both sides had not been
10 very cooperative with each other.
11         We set a very tight schedule that assumed everybody
12 was going to work well together, or it would not have been
13 possible to do it.  And, so, you've been doing that and I
14 commend you, and hopefully it will continue and -- we have our
15 dates set and there's no reason for the trial not to start on
16 time as we've set it out.
17         The events with deadlines that you've set out, I
18 had given you some suggestions -- you've picked up on and
19 you've actually detailed some more things, which I think were
20 helpful in terms of when things needed to be done in preparing
21 for trial; it's acceptable to the Court.
22         I also agree, which you've included, which is to
23 have some uniform deadlines for any amici briefs, so that if
24 amici is allowed to file a brief -- and I'll be going
25 through -- and quite a number of people or organizations have

1  filed, and I haven't ruled on all of them, but the deadline
2  would be November 15th.  The responses, if the parties wish to
3  respond to them, would be November 22nd, which were the dates
4  that the parties had suggested.
5       I would ask if any amici are around here, that to
6  the extent possible, I would combine the briefs.  If you're
7  making similar arguments, there's no reason to have, you know,
8  three or four briefs saying exactly the same thing.  Some of
9  these organizations -- you can do it together -- present me
10 with one and the parties with one, which sets out your
11 position, particularly if they are the same -- pretty much the
12 same position.
13      I am going to send out an order that's going to
14 have sort of a template of what you can do, which will have
15 some limitations on pages, et cetera, which the parties have
16 suggested for themselves as well.  I want to make sure that
17 you do not -- amici does not introduce factual information
18 that you may have access to that the parties are not going to
19 be introducing.  You're amici, you're not parties.  So, the
20 focus should be really more on the legal briefing.  But I will
21 be sending out an order to that effect.
22      The trial days, other than the one day that I will
23 not be able to sit, which was December 13th, we can certainly
24 add things on, but we should be able to plow through a week
25 and a half, if not more, without any interruptions at all.

1    The one thing I noticed on the schedule is you have
2 November 21st as the deposition designations.  It wasn't clear
3 to me whether I was getting electronic copies.  I notice that
4 the trial exhibits were going to -- the electronic copies were
5 going to be filed that same day.  It wasn't clear to me
6 whether the deposition -- eventually you will, but are they
7 being filed in paper originally or electronically?  It's set
8 for the November 21st date.
9    You have pretrial conference and you've got parties
10 lodge electronic copies of trial exhibits.  You have parties
11 lodge joint compilation of deposition designations, but it
12 doesn't say anything about electronic.  You can get back to me
13 later, unless you know the answer.
14    MR. O'ROURKE:  Good morning, Your Honor.  Kenneth
15 O'Rourke for US Airways.  If Your Honor has a preference as to
16 whether we submit the deposition designations electronically
17 or in paper copy, of course, we can accommodate that.  If
18 you'd just like the parties to work it out, we can come back
19 with a proposal.
20    THE COURT:  At some point I will need it
21 electronically, certainly for the findings of fact and working
22 that out, you would certainly want that.  Actually, having a
23 paper copy might be useful because it may be something that I
24 would want to use in the courtroom in terms of having it
25 available to me during the course of the trial while we're in

1  court.  But at some point I would want to have it
2  electronically, and I wasn't sure how you were doing it.
3          MR. O'ROURKE:  Well, we do anticipate that
4  objections would be noted in the margin.  And the parties have
5  worked out a schedule so that there can be a shorthand
6  notation in the margin to indicate the specific objection.
7          THE COURT:  Okay. All right. I think that will
8  work for me.  You've talked about post-trial briefs 14 days
9  after the end of the trial, which should work.  I think that
10 will provide me with enough time for the review before
11 January 6th, which is the closing arguments.
12         So, I will go ahead and adopt the proposed events
13 and schedule that you've set out for the trial.  I also agree
14 to the other provisions that you have listed, page limits,
15 et cetera.  The only thing I'll reserve on, which is included
16 in it, is the limits on the exhibits and the witness time.
17 I'll hold off on that and see what you come up with it.
18         And a couple of other just practical things.  Your
19 exhibits should be pre-marked so that you're not doing this
20 during the course of the trial.  Ms. Patterson, my deputy
21 courtroom clerk, has a template, and I'd ask that you have the
22 exhibits listed according to the template.  It's an easier way
23 for Ms. Patterson and myself to keep track of what got
24 admitted, didn't get admitted, whether there are objections,
25 not objections, et cetera, to make sure that we have a

1  complete list at the end of the trial.  So, she'll hand that
2  out to you, and if you would use that -- everybody uses
3  something different to set them out -- you can describe them
4  as you want, but you'll see a lot of it has to do with -- we
5  would be noting things.  So, from your perspective, it's
6  really your description and the number.  From our perspective,
7  it's what we would fill in.
8        If you put witnesses on-call, it's going to be at
9  the peril of the calling party.  We will work out --
10 Ms. Patterson, you can talk to her and Mr. Snook, about
11 witness rooms.  You can also speak to him about a room for the
12 attorneys, for each of you, we can get them on this floor.
13 I would have a conversation with him as to what you actually
14 need in that respect.  You may need to include Mr. Cramer, who
15 does our electronic stuff.  And I've indicated to you, you
16 need to speak to Mr. Cramer just in terms of the use of the
17 electronics and the courtroom.
18       We're going to start at 9:00 o'clock, we'll go to
19 5:00 with a break in the morning and afternoon and lunch.  So,
20 that's a lot of testimony coming in.  Make sure you have your
21 witnesses.  Once we get going, you'll have a better sense of
22 the rhythm and how quickly it will all go.
23       I do apply the rule on witnesses, the only
24 exception may be is if you want to -- and we can discuss it
25 and you should discuss it among yourselves -- is whether, for

1   experts, you want them in the courtroom to hear some
2   testimony.  I don't know whether you do or do not, but let me
3   know -- if not, I'll just apply the rule on witnesses.
4            I generally don't allow any recross, so we'll set
5   up to make sure all the parties get all of their direct, since
6   we have multiple parties on both sides.  The same thing for
7   cross and the same thing for redirect.  In terms of the -- you
8   need to use either the podium or I have mics.
9            We do have a handheld mic for objections, I
10  generally don't have you use it for openings or closings,
11  people tend to waive it around.  But since we don't have a
12  jury, the podium is fine, or as I said, we can do the lapel
13  mics, so that we make sure that we have a record of everything
14  that's said in here.  They have upgraded the sound, but we
15  still need to make sure we get a record.
16           Whomever handles the particular witness, that's the
17  person who is going to handle the objections.  So, I only want
18  to hear from one attorney on each side, not the group.  You
19  obviously can consult with each other.  When you do the list
20  of exhibits, it would be helpful, I think, to have -- it's not
21  listed in your procedures, and I would be amenable to doing
22  different timeframes for it.  It would be helpful to me to
23  actually get the list of the exhibits that you're going to use
24  at trial, however you want to break it down, the priority
25  versus the more ancillary, with a template.  I was going to

1  suggest that you do it by November 19th, but that's like the
2  Wednesday before the trial on Monday, but I'm open to doing
3  something different.  And just so we have it, it makes it
4  easier for our court reporter, as well, to get her computer
5  and stuff set up.
6           The other thing is that -- if I could get a list of
7  the witnesses and, again, an order in terms of which people
8  you're planning on bringing for each day.  I'm not going to --
9  it makes it easier for the other side, obviously, to prepare.
10 I won't have the other side use it as a sword against you if
11 you do them in a different order or move them around, but it
12 does help, I think, to have not only a list of witnesses, but
13 some idea of which days you plan on calling them so that
14 people can prepare.
15          As I said, you can move them around.  I'm not going
16 to hold you up if somebody is not available or somebody takes
17 longer or there is some other problem.  We can talk about
18 that, discuss it among yourselves in terms of whether it may
19 be useful to have a full list and do something shorter for
20 every three days or whatever -- however you want to do it --
21 roughly in the order you want to do it.
22          I did ask that you designate whether it's live,
23 whether it's a videotape, whether it's deposition
24 designations.  So, if you want me to read designations before
25 certain people testify, if you'd list that, I'll make sure I

do it.  We'll be set up in here -- we have more than enough screens to do the videotape.

I think if there are additional issues -- our last pretrial is November 21st, if there are any additional issues beyond what would normally be just sort of finalizing everything, please let me know, and whatever report you give me in advance; if not, we'll just run through everything and make sure we've resolved everything.

I've indicated to you that I am available if there are any issues that you want to raise with me between now and the final pretrial.  The final pretrial is Friday and we're starting on Monday.  The dates look fine, from my perspective.  You've obviously looked at page limits, et cetera, which is fine.  You're going to be giving me more than enough time to read any written direct, so I think it's going to work very smoothly.

As I said, I'll commend you again, not only for working out all the details -- as you can see, there wasn't much that I needed to add -- and for working so cooperatively together so that we can actually get this launched when we had planned on doing so.

So, if there's anything else from either of the parties that you want to raise at this point?

MR. RYAN:  No, Your Honor.  Thank you.

MR. PARKER:  Nothing, Your Honor.

1        MR. MAJORAS:  No, Your Honor.
2        THE COURT:  Okay.  Then I'll see you, if not
3 before, I'll see you on the 21st.  Take care.  Everybody have
4 a good day.
5 END OF PROCEEDINGS AT 10:45 A.M.
6
7
8              C E R T I F I C A T E
9        I, Lisa M. Foradori, RPR, FCRR, certify that
10 the foregoing is a correct transcript from the record of
11 proceedings in the above-titled matter.
12
13
14
15                               _____
16                               Lisa M. Foradori, RPR, FCRR
17
18
19
20
21
22
23
24
25